**SEITZ, Plaintiff-Appellee, v. SEITZ, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22067. Decided February 26, 1951.

S. C. Rex, Clifford Bruce, Cleveland, for plaintiff-appellee.
B. J. McCluskey, for defendant-appellant.

(DOYLE, J, of the 9th District sitting by designation in place of McNAMEE, J.)

## OPINION

By DOYLE, J:

On September 8, 1948, in the Court of Common Pleas of Cuyahoga County, a decree of divorce was granted Ruth R. Seitz appellee herein, against her husband, Harold Seitz, appellant. Theretofore, the parties had entered into an agreement of separation and property settlement in which specific provision was made for the custody and maintenance of the children born as the issue of the marriage. This provision appears in the following terms:

"Both parties hereby agree that an order of permanent support made by the Court upon the granting of an absolute divorce in the amount of THIRTY-FIVE DOLLARS ($35.00) per week to be paid through the Court, would be fair and equitable for the three children, Warren Rogers, Patricia Rogers and Barbara Jane. The husband shall so pay for the support, maintenance, care, custody and education of the children of the marriage, until they respectively reach the age of twenty-one years, or sooner die or marry. No provision is made herein for higher education of said children, it being the intent of the parties that the husband shall provide the same if he is able to do so."

In the judgment entry, the following language appears:

"It is further ordered, adjudged and decreed that the custody of the minor children, aforesaid, be and is hereby awarded to the plaintiff, and the defendant pay to the plaintiff for the support of said minors the sum of thirty-five ($35.00) dollars per week until the further order of this Court."

Subsequent to this provision in the judgment entry the following appears:

"The Court further finds that the parties to this transaction have entered into an Agreement of Separation and Property Settlement, under date of August 6, 1948 which the Court finds to be fair, just and equitable."

It is further ordered, adjudged and decreed that this Agreement should be and hereby is incorporated in the Journal, as if fully rewritten, as part of this Decree, and the terms of this Agreement are ordered into execution as an order of this Court the same as if fully rewritten herein, and the Court reserves jurisdiction in this cause for the purpose of compelling either party to perform the Agreement or any part thereof on his or her part to be performed. Said Agreement is attached hereto and marked Exhibit A."

In the year 1950, a motion was filed in the case by the former husband, Harold, in which he asked for a modification of the order for the support and maintenance of the children made in the divorce decree. He gave as his reasons a substantial decrease in his income;

"that he does not earn more than $60.00 per week; that he is unable to comply with the order of the court and that at the present time he is compelled to live upon the generosity of others."

When the motion came on for hearing before a branch of the court other than the one which entered the original judgment for divorce, property settlement and support, this court entered the following order:

"Upon consideration, the Court find that a separation agreement was entered into by and between the parties hereto on August 2nd, 1948, and that the same was approved by the Court on September 8, 1948, and incorporated in and made a part of the decree of divorce granted to the plaintiff herein.

"The Court further finds that it does not have jurisdiction to modify the order of the Court made September 8, 1948, as prayed for by defendant in his motion.

"WHEREFORE, it is ordered that the motion be and is hereby denied. It is further ordered that the defendant pay the cost herein."

In the appeal to this court from this judgment entered on the motion there is presented the claimed error of the court in refusing to hear evidence on the theory that the court lacked capacity to order a modification under the circumstances.

At the threshold of our consideration of this appeal we encounter **Tullis v. Tullis, 138 Oh St 187.** The syllabus is as follows:

"A decree in a divorce action, unconditionally fixing the amount and method of payment by the husband for the support of a minor child pursuant to and in accordance with a previous contract of separation between the husband and wife providing for a complete property settlement and

support to their minor child, which contract is specifically approved by the court and made a part of the decree, may not, in the absence of fraud or mistake, be subsequently modified by the court so as to lessen the amount of support for such minor child."

From the statement of facts and events as shown in the record here under consideration, it appears that the court approved the contract and made it a part of the judgment. If the court had stopped there and had not further made provision for the childrens' support, the rule in Tullis v. Tullis, supra, would apply and a modification could not be made lessening the amount of payments. But the court went further and ordered the payment of Thirty-Five Dollars ($35.00) per week until further order of this Court.

In construing the provisions of this judgment we must apply the usual canons of construction. If a judgment is susceptible to two possible interpretations because of the words and phrases used an interpretation will be adopted which gives effect to the judgment in its entirety rather than an interpretation which would eliminate a part.

It is presumed that the court, when approving the original journal entry here under attack, had before it the case of Tullis v. Tullis, supra, and intending to maintain the right of the court to modify the order of support for the minor children, if conditions changed, inserted specific language to accomplish this purpose even though such language in part was a duplication of the language in the incorporated contract. In other words, it was the intention of the court to approve and adopt the entire contract, excepting only the legal effect of such, under Tullis v. Tullis, supra, which was specifically rejected by a reservation retaining jurisdiction in respect of the terms of support of the minor children by the use of the language "until further order of this court."

Under this construction of the provisions of this judgment, we are of the opinion that the court erred in refusing to try the issue presented by the motion to modify because of the reserved continuing jurisdiction. The judgment will be reversed and the cause remanded for hearing.

Judgment reversed and cause remanded. Exc. Order see journal.

SKEEL, PJ, HURD, J, concur.