**SELBY, Appellee, v. SELBY, Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 4275.   Decided July 30, 1952.

Wozniak & Herman, Akron, for appellee.
Hadley & Vale, Akron, for appellant.

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law. The Summit County Court of Common Pleas granted Paul Earl Selby a divorce from Mary Joan Selby. The judgment made a division of property, alimony to Paul Selby, awarded the custody of the children to Mary Selby, and provided that Paul Selby pay for the support of the minor children.

Mary Selby, the appellant herein, says that the judgment "insofar as it affects the division of the property, the granting of alimony, and certain aspects of the custody and support of the children, is manifestly against the weight of the evidence."

We have examined the record and the bill of exceptions, and do not find that the judgment with respect to the division of property and the award of alimony is against the manifest weight of the evidence.

The bill of exceptions shows that the award of custody of the minor children to the mother, Mary Selby, was made, because Paul Selby, who worked six days a week, was not able to supervise and care for his three minor daughters. The trial court, in making such award of custody to the mother, said in the judgment entry:

"The Court coming now to the custody, education and sup-

port of the minor children of the parties herein. It is ordered, adjudged and decreed that the custody and care of said minor children be and the same hereby is granted to the defendant limited and restricted and to continue only during such period of time as the defendant remains unmarried and defendant's mother, Anna Hagan, resides in the same household with said children.

"It is further ordered, adjudged and decreed that said children may not be taken from the jurisdiction of this Court without the permission of the Court and that no change may be made in schools or schooling without either the consent of both plaintiff and the defendant or the prior permission of this Court."

We are constrained to examine this order of custody to determine whether the trial court had the power to so restrict the custody of these children.

The action herein was commenced in the trial court on January 29, 1951; the judgment was entered on January 10, 1952. The statutory law on the subject of divorce and alimony was amended and became effective August 28, 1951.

The statutory law (§11987 GC now §8003-22 GC, and §8022 GC, now §8005-4 GC), so far as it grants power to the trial court to make an award of custody of children of divorced parents, requires that the court shall make such order for the disposition, care and maintenance of the children, if any, as is just. According to §8005-4 GC, the trial court shall decide which parent may have custody, and the court shall take into account that which would be for the best interests of the minor children.

We have, in the order as made by the trial court, an award of "limited and restricted" custody, which is to continue. subject to certain conditions. One condition is that Mary Selby, who is, by the judgment, a divorced person and so legally free to remarry, shall, if she does remarry. be deprived of the custody of her children. Another condition attached to such custody order is that the mother of Mary Selby shall reside in the same household with the children. Anna Hagan, the mother of Mary Selby, was not a pary to the action. In the event Anna Hagan moves from the home, her daughter would automatically cease to have the custody of these children.

Other conditions are placed on the custody of these children, which grants a portion of the right of Mary Selby to Paul Selby. Her choice of "school and schooling" for the children is subject to the determination of Paul Selby, or that of the "prior permission" of the court.

Custody, as it is used in the divorce and alimony statute, connotes a keeping or guarding of a child of divorced parents.

Black's Law Dictionary (Third Ed.) defines "custody" as "The care and keeping of anything * * *. Detention; charge; control; possession."

Custody includes within its meaning every element of provision for the physical, moral and mental well-being of the children. It implies that the person having custody has the immediate personal care and control of the children.

An award of custody of minor children determines the rights of the parties with respect to the care and control of their children, subject to the continuing jurisdiction of the court to modify the award upon a proper application.

The jurisdiction to modify a former award of custody continues in the court which entered such order. **Addams, Judge, v. State, ex rel. Hubbell, 104 Oh St 475; Hoffman v. Hoffman, 15 Oh St 427.**

In the case of **Mierowitz v. Mierowitz, 47 Abs 104,** the court determined that in an action for divorce, in which a decree was granted upon the husband's petition, the failure of the trial court to make provision for the custody and support of the minor child of the parties constituted error prejudicial to the wife.

Where neither parent is a suitable person to have the custody of their minor child (under 15 years of age), the court may commit the child to a relative of the child or certify the case to the Juvenile Court for further proceedings with respect to such custody. **Sec. 8005-4 GC.**

The court in the instant case did not determine that Mary Selby or Paul Selby were not suitable persons to have the custody of their children. It did seek to award custody to Mary Selby, subject to such custody being changed, not upon application properly made, but upon the happening of certain events which might occur in the future.

The trial court, under the statute, has the power to award the care, custody and control of the minor children of the parties to either parent, but the statute does not provide for limited or restricted powers of custody.

We do not have before us the question of the right of parents to agree to restrictions placed in the order of custody, and so do not determine that matter herein.

We therefore determine that the trial court does not have the power, under the statutes respecting custody of minor children of divorced parents, to place, in an award of custody, restrictions concerning the right of such divorced parent to remarry, the necessity to have a relative reside in the home of such parent to whom custody is awarded, and restrict such parent in the choice of school to which the children shall be sent.

Judgment reversed in part and sustained in part. The cause is remanded to the trial court with instructions to delete from the order of custody the limitations and restrictions as to such custody noted in this opinion.

DOYLE, J, STEVENS, J, concur.