The motion to strike filed on behalf of Crow is hereby overruled.

*Motion overruled.*

Duffy, J., concurs.
Miller, J., not participating.

Kolody, Appellee, *v.* Kolody, Appellant.

(No. 4939—Decided February 3, 1960.)

*Messrs. Myers, Myers & Myers,* for appellee.
*Messrs. Bailey & Bailey,* for appellant.

Hunsicker, J. On June 15, 1959, Elizabeth W. Kolody filed, in the Juvenile branch of the Court of Common Pleas, Division of Domestic Relations, a petition stating that she and her husband, Melvin R. Kolody, were living separate and apart, and further that one child had been born as the issue of the parties.

The prayer of this petition sought only an order of custody and support for this minor child.

The trial court, after hearing, awarded the custody of the child (a boy, now about three and a half years old) to the mother, Elizabeth Kolody, and ordered the father, Melvin R.

Kolody, to pay to the mother $12.50 a week for the support of this child.

The appellant has lodged in this court an appeal on questions of law from such judgment, saying that the trial court erred, in that such court was without jurisdiction in the proceedings in the trial court to make an order requiring the father to support the minor child of the parties and fixing the amount of that support.

Counsel for the appellant say that the father, the appellant herein, is supporting the child, and will continue to do so, but that he objects to the jurisdiction of the trial court fixing the amount of such support in a purely custody proceeding.

Summit County is one of the counties having a Division of Domestic Relations within the Court of Common Pleas. To this Division of Domestic Relations has been assigned "* * * All the powers provided for in Sections 2151.01 to 2151.61, inclusive, and Section 2151.99 of the Revised Code, relating to Juvenile Courts * * *, and there shall be assigned to such judge all Juvenile Court work." Section 2301.03 (I), Revised Code.

We do not have in Summit County a separate Juvenile Court. What Summit County does have is a Court of Common Pleas, Division of Domestic Relations, exercising the powers and jurisdiction conferred upon Juvenile Courts by Chapter 2151, Revised Code. There are, in this state, two separate and independent Juvenile Courts—one located in Cuyahoga County (Section 2153.01, Revised Code), and one in Hamilton County (Section 2151.08, Revised Code). There are twelve counties with Common Pleas Courts having Divisions of Domestic Relations. These latter courts exercise the jurisdiction and powers conferred in Chapter 2151, Revised Code (Juvenile Courts). In the remaining counties of this state, Juvenile Courts have been established, with the respective judges of the Probate Courts designated as the judges of such separate Juvenile Courts (Section 2151.07, Revised Code).

Under Section 2151.23 (A) (2), Revised Code, the Juvenile Court, and thus the Summit County Court of Common Pleas, Division of Domestic Relations, has exclusive original jurisdiction to determine the custody of any child not a ward of another court. The appellant herein does not contest the right of that court to award custody to Mrs. Kolody.

What, then, is embraced within the term "custody," as that word is used in this statute?

This court has heretofore stated the meaning of "custody" as used in the divorce and alimony statutes, as follows:

"Custody, as it is used in the divorce and alimony statute, connotes a keeping or guarding of a child of divorced parents. Black's Law Dictionary (Third Ed.) defines 'custody' as 'The care and keeping of anything * * *. Detention; charge; control; possession.'

"Custody includes within its meaning every element of provision for the physical, moral and mental well-being of the children. It implies that the person having custody has the immediate personal care and control of the children." *Selby* v. *Selby*, 69 Ohio Law Abs., 257, at pages 259 and 260, 124 N. E. (2d), 772.

The conclusion there reached, with respect to the meaning of the phrase there interpreted, seems equally applicable herein.

Section 3109.03, Revised Code, says that the parents stand upon an equality in matters of care, custody and control of their children. Section 3109.04, Revised Code, provides for a hearing with respect to care, custody and control of such children; and Section 3109.05, Revised Code, says that either parent may be ordered to support their children. These statutes must be read as a part of the powers given the court which has jurisdiction to determine custody of children: in the instant case the Common Pleas Court, Division of Domestic Relations.

We believe that the word "custody," as used in Section 2151.23 (A) (2), Revised Code, connotes the sum total of all parental rights, among which is the right to support for such child.

We therefore determine herein that, when the question of custody only comes before a court, that court, by virtue of the authority granted in Section 2151.23 (A) (2), Revised Code, has jurisdiction to include in that order an award for the support of the child for whom custody is then provided.

The judgment must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.