WARD, APPELLEE, *v.* WARD, APPELLANT.

(No. 83AP-44—Decided December 20, 1983.)

*Mr. David O. Niehoff,* for appellee Richard T. Ward.

*Sanford, Fisher, Fahey, Boyland & Schwarzwalder Co., L.P.A.,* and *Mr. Jay H. Sanford,* for appellant Virginia G. Ward.

MOYER, J. This matter is before us on the appeal of defendant-appellant, Virginia G. Ward, from a judgment of the Court of Common Pleas of Franklin County, Division of Domestic Relations, overruling defendant's motions to require plaintiff-appellee, Richard T. Ward, to reimburse her for payment of certain bills and expenses after the parties were divorced.

Defendant asserts the following

assignment of error in support of her appeal:

"The trial court erred in overruling the defendant-appellant's motion to require the plaintiff-appellee to reimburse her for her payment of the Hirsch & Hirsch Insurance bill, due May 31, 1982, and the bill for county property taxes for the second half of 1981."

The sole issue presented in this appeal is whether the trial court erred in its interpretation of the following provisions of the agreed judgment entry for divorce:

"IT IS FURTHER ORDERED that the plaintiff shall save the defendant harmless on all state, local or federal tax liabilities through 1981, the debt to Hirsch & Hirsch Insurance, the debt to E. A. Ward, and the debt to Doyle Stoner, C.P.A. Said debts shall not be paid from the proceeds in the joint checking account presently in both names.

"* * *

"IT IS FURTHER ORDERED that the plaintiff shall collect all rent receipts on all the properties through May 31, 1982 and pay all debts on all the properties through May 31, 1982. On May 31, 1982 plaintiff and defendant will divide equally the remaining balance in the parties' joint checking account and divide equally the remaining balance in the parties' joint savings account.

"IT IS FURTHER ORDERED that commencing June 1, 1982 each party shall pay and save the other party harmless on all mortgages, taxes, and insurance when due on properties which they own and are awarded to them in this Judgment for Divorce."

While the exhibits were not filed with the record, there appears to be no dispute that defendant paid Hirsch & Hirsch a premium that was due May 31, 1982 for insurance coverage beginning June 1, 1982 on investment properties located on Ashland Avenue that she had been awarded by the divorce decree. It is also undisputed that defendant paid the real estate tax statement due June 21, 1982 for the real estate taxes for the second half of 1981 on the Ashland Avenue properties. She claims that the three paragraphs of the divorce decree referred to *supra* require plaintiff to reimburse her for those payments.

Both parties offered parol evidence, without objection, to explain what the parties contemplated when they signed the agreed judgment entry. Plaintiff testified that, at the time the entry was signed, Hirsch & Hirsch was owed $3,700 to $3,900 for insurance coverage on all the properties owned by the parties prior to their divorce and that he agreed to pay that debt to Hirsch & Hirsch. Defendant testified that she was aware of past due debts to Hirsch & Hirsch and that they were to have been paid by plaintiff. Defendant correctly urges that, if a judgment is susceptible to two possible interpretations, we must adopt an interpretation that gives effect to the judgment in its entirety without eliminating a part of the judgment. *Seitz* v. *Seitz* (1951), 92 Ohio App. 338, 342 [49 O.O. 385]. She argues that, if the last two paragraphs of the divorce decree which are cited herein are construed in favor of plaintiff, such a construction would have the effect of rejecting the first cited paragraph that expressly refers to the debt to Hirsch & Hirsch Insurance. We do not agree because it was reasonable for the trial court to conclude that the parties were referring, in the first paragraph, to the debt to Hirsch & Hirsch Insurance that existed at the time the decree was executed. That interpretation is consistent with the fact that the debt which defendant seeks to have reimbursed was a debt for insurance coverage on property she received from the divorce and in which plaintiff no longer had any interest. That interpretation of the parties' intention is supported by the second and third cited paragraphs which state that, on June 1, which was the date upon which defendant's policy of insurance was to become effective, the parties were to begin col-

lecting the rent receipts on their respective properties, to pay all debts and to hold each other harmless on the insurance when due on said properties.

With respect to defendant's request that plaintiff reimburse her for the real estate taxes for the last half of 1981 which she paid in June 1982, we apply the same rules of construction in reaching a similar conclusion. Plaintiff testified as follows in response to questions posed by defendant's counsel:

"By Mr. Sanford:

"Q. Mr. Ward, you do not suggest that the taxes due on the real estate for the second half of 1981 were somehow due for a period after your wife took exclusive possession of that real estate?

"A. Those taxes are always payable in arrears.

"Q. And you knew that at the time you signed your decree of divorce?

"A. We all knew it. We discussed that."

That testimony was unrefuted by defendant. Common words appearing in a written instrument will be given their ordinary meaning unless some other meaning is clearly suggested from the face of the document or the overall contents of the instrument. *Alexander* v. *Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241 [7 O.O.3d 403], paragraph two of the syllabus. The third cited paragraph appears to provide for the debts on the real estate because of its reference to "mortgages, taxes and insurance when due on properties" that were awarded to the parties by the judgment decree. The use of the phrase "when due" must be given its plain meaning and its plain meaning is, when applied to real estate taxes, the last date for payment of those taxes. It does not refer to the period of time for which the taxes are assessed. The trial court did not err by relying upon the more specific provision of the agreed judgment entry in concluding that the parties intended that each was to pay the real estate taxes on the property which he or she received as the taxes became due. The assignment of error is not well-taken and is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.