**FRY, n.k.a. Grimes, Appellant,**

v.

**FRY, Appellee.**

[Cite as *Fry v. Fry* (1989), 64 Ohio App.3d 519.]

Court of Appeals of Ohio,
Paulding County.

No. 11–89–5.

Decided Sept. 21, 1989.

520

*David A. Hyman,* for appellant.
*Mark D. Berling,* for appellee.

SHAW, Judge.

The plaintiff-appellant, Gloria Fry, n.k.a. Grimes, appeals from a judgment of the Common Pleas Court of Paulding County finding her in contempt of court for interfering with the rights of her former husband, defendant-appellee, Robert L. Fry, to court-ordered visitation with the parties' fifteen-year-old minor son, Robert Daniel Fry ("Robbie").

Upon the granting of the parties' divorce, the plaintiff was awarded sole custody of the three minor children of the marriage. An order of child support was entered and the defendant was granted visitation rights.

In November 1988, and again in December 1988, the defendant filed motions seeking contempt citations against the plaintiff alleging that she was in violation of the court's visitation order as to their son Robbie. The defendant sought the imposition of a fine, incarceration, payment of his attorney fees, court costs and suspension of his child support payments for Robbie.

The defendant's motions were heard in the Common Pleas Court of Paulding County on December 19, 1988. At the conclusion of the hearing, the trial court found the plaintiff in contempt of court for interfering with or frustrating the defendant's exercise of visitation with Robbie.

Pursuant to the finding of contempt, the trial ordered: (1) that the defendant's child support obligations for Robbie be suspended, retroactive to August 12, 1988, until such time as the defendant enjoyed three consecutive regularly scheduled visits with his son; and (2) that the authority to grant Robbie permission to apply for a driver's license or to participate in extracurricular school activities be terminated in the plaintiff and transferred to the defendant. The court also entered judgment for the defendant for attorney fees and costs.

The decision of the trial court was journalized by judgment entry filed March 16, 1989 and by a nunc pro tunc judgment entry filed March 17, 1989. From these judgments, the plaintiff appeals and asserts four assignments of error.

Assignments of error one and three challenge the propriety of the two sanctions imposed by the trial court upon its finding of contempt. In considering these assignments, we are initially guided by R.C. 2705.05(A), which provides for the imposition of a fine or imprisonment upon one found guilty of contempt of a trial court order.

"Custody" as it is used in the divorce and alimony statutes has been defined as " * * * includ[ing] * * * every element of provision for the physical, moral and mental wellbeing of the children. It implies that the person having custody has the immediate personal care and control of the children." *Selby v. Selby* (App.1952), 69 Ohio Law Abs. 257, 260, 124 N.E.2d 772. See, also, *Shriver v. Shriver* (1966), 7 Ohio App.2d 169, 360 O.O.2d 308, 219 N.E.2d 300, and *Kolody v. Kolody* (1960), 110 Ohio App. 260, 130 O.O.2d 25, 169 N.E.2d 34.

■ Considering the foregoing definition of "custody," we find that the transfer to the defendant, and termination in the plaintiff, of the authority to grant Robbie permission to apply for a driver's license or to participate in extracurricular school activities, ordered by the trial court herein, as a

sanction for contempt, in actuality modified the original order granting the plaintiff custody of the minor child.

However, modification of a custody order is not among the available sanctions listed under R.C. 2705.05(A) as punishment for contempt. We therefore conclude that the limited transfer of custody of Robbie to the defendant exceeded the authority of the trial court for punishment of contempt. Accordingly, the plaintiff's first assignment of error is well taken.

█ Likewise, we find that the trial court's suspension of the defendant's child support obligations for Robbie pending the enjoyment of three consecutive visitations also exceeds the authority of the court for punishment of contempt. (Accord *Andrulis v. Andrulis* [1985], 26 Ohio App.3d 164, 166, 26 OBR 383, 384, 498 N.E.2d 1380, 1382, holding that a trial court exceeds its authority under R.C. 2705.05 in modifying support payments as a sanction for contempt of a visitation order).

We are cognizant of the authority cited by the defendant wherein impoundment of child support payments was held to be an appropriate remedy, under the express provisions of former R.C. 3115.21(B), when the obligee prevents the obligor from exercising a right of visitation. See *Brown v. Brown* (1984), 16 Ohio App.3d 26, 16 OBR 28, 474 N.E.2d 613. See, also, *Foster v. Foster* (1974), 40 Ohio App.2d 257, 69 O.O.2d 250, 319 N.E.2d 395, holding that former R.C. 3109.05 authorizes the trial court to give relief through a just modification of an order of support to a parent continuously or repeatedly prevented from exercising a right to visit a child by the child's refusal to visit with him.

However, subsequent to the decisions in *Brown, supra,* and *Foster, supra,* the General Assembly amended R.C. 3109.05 and 3115.21 (effective October 5, 1987) to omit any reference to the impoundment of child support payments or the modification of child support orders as appropriate relief for the failure to allow visitation. See 142 Ohio Laws, Part II, 2709, 2738. Consequently, we find that the trial court lacked the authority to suspend or modify the defendant's child support obligations either as relief for the plaintiff's interference with visitation or as a sanction for contempt of the visitation order. Accordingly, the plaintiff's third assignment of error is well taken.

█ Under her second assignment of error, the plaintiff contends that the trial court erred in two respects in awarding the defendant attorney fees. First, the plaintiff asserts that, rather than taxing attorney fees as part of the defendant's judgment for costs, the trial court improperly awarded the fees as a sanction for contempt of court. The plaintiff's argument in this regard is premised on the trial court's taxation of attorney fees and costs in two separate paragraphs of its March 16, 1989 judgment entry as follows:

"It is Further ORDERED, ADJUDGED and DECREED that the petitioner, Robert L. Fry be granted judgment against the respondent, Gloria J. Grimes, as and for attorney fees, the sum of $400.00 in accordance with petitioner's testimony and the affidavit of counsel submitted and attached hereto.

"It is Further ORDERED, ADJUDGED AND DECREED that petitioner Robert L. Fry, be granted judgment against the respondent, Gloria J. Grimes, for his court costs expended herein."

Secondly, the plaintiff asserts that, inasmuch as the award of attorney fees to the defendant was imposed as a punishment for civil contempt, the judgment for the fees should also have afforded her the opportunity to purge herself of the contempt.

The Supreme Court of Ohio in *State, ex rel. Fraternal Order of Police, v. Dayton* (1977), 49 Ohio St.2d 219, 230, 3 O.O.3d 360, 366, 361 N.E.2d 428, 436, held that a trial court has discretion to include reasonable attorney fees as a part of the costs taxable to one found guilty of contempt. Having reviewed the record in this case, and particularly the judgment entry of March 16, 1989, we find nothing that would lead us to conclude that the trial court abused its discretion in awarding attorney fees to the defendant.

Although the trial court's treatment of attorney fees and costs in two separate paragraphs of the judgment entry may render the order susceptible to the plaintiff's interpretation, we find that the entry as a whole is equally susceptible to the interpretation that the trial court, in a proper exercise of its discretion, awarded attorney fees as part of taxation for costs. Under these circumstances, especially considering the absence of any specific expression of intent on the part of the trial court to award attorney fees as punishment for contempt, we must indulge in the presumption that the trial court's intention was to act within the scope of its authority and render a valid judgment. See *Seitz v. Seitz* (1951), 92 Ohio App. 338, 49 O.O. 385, 102 N.E.2d 24. In short, we find that the taxation for costs included the award of attorney fees.

The punishment imposed upon a finding of civil contempt must afford the contemnor an opportunity to purge himself of his contempt. *Tucker v. Tucker* (1983), 10 Ohio App.3d 251, 10 OBR 364, 461 N.E.2d 1337. However, the taxation of costs is not considered punishment. See, generally, 19 Ohio Jurisprudence 3d (1980) 155, Costs in Civil Actions, Section 1.

Thus, in light of our conclusion that the award of attorney fees was not imposed as a sanction for contempt, we find no error in the fact that the award of the fees did not afford the plaintiff the opportunity to purge herself of her contempt. Accordingly, the plaintiff's second assignment of error is not well taken.

■ We turn now to a consideration of the plaintiff's fourth assignment of error wherein she contends that the trial court's finding of contempt of the visitation order is against the manifest weight of the evidence.

A trial court decision which is supported by some competent, credible evidence going to all the essential elements of the issue will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

The minor child, Robbie, testified that he made the decision, independent of any influence from his mother, to terminate visitation with his father. Robbie testified that his decision to terminate visitation was based in part on " * * * stuff he [the defendant] did to my mom and what he did to me and how he left us and stuff." The plaintiff testified that Robbie had made the decision to terminate visitation without her influence and that she had tried to convince her son to go on visits with his father. The plaintiff produced numerous witnesses to support her testimony that she tried to influence Robbie to visit his father.

Although the foregoing is testimony from which the trial court could have reasonably concluded that the plaintiff did not interfere with the defendant's exercise of visitation, there was also testimony adduced which supports the trial court's determination that the defendant's ability to exercise visitation was interfered with or frustrated by the plaintiff.

Approximately three months prior to Robbie's termination of visitation with the defendant, the minor child had requested that a change of custody be made so that he could live with the defendant instead of the plaintiff. There is some evidence that Robbie's subsequent extreme change in positions, from wanting to live with the defendant, to refusing any visitation with his father, was influenced, at least in part, by the plaintiff's revelation to Robbie of his father's alleged marital misconduct which precipitated the parties' divorce.

Moreover, there is evidence that, on two occasions, the plaintiff circumvented the defendant's exercise of visitation by arriving prior to the scheduled visitation and transporting Robbie from the school where he was to meet the defendant. We find this to be competent credible evidence of the plaintiff's violation of the visitation order. Accordingly, the plaintiff's fourth assignment of error is not well taken.

That portion of the judgment of the trial court finding the plaintiff in contempt of its visitation order and awarding attorney fees is affirmed. That portion of the judgment modifying the custody and support orders as sanc-

tions for contempt is reversed and remanded to the trial court for sentencing consistent with this opinion.

*Judgment reversed in part,*
*affirmed in part*
*and cause remanded.*

THOMAS F. BRYANT and MILLER, JJ., concur.