OPINION
Defendant-appellant Brian Martin appeals the February 7, 2000 Judgment Entry of the Holmes County Court of Common Pleas which denied his motion to dismiss; the February 15, 2000 Judgment Entry which accepted appellant's no contest plea to one count of non-support and found appellant guilty; and the April 3, 2000 Judgment Sentencing Entry. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
The parties entered into an agreed App.R. 9(D) statement of the case. The trial court approved this statement and it was filed on May 8, 2000. The stipulated facts are as follows.
On March 11, 1997, the Holmes County Child Support Enforcement Agency (hereinafter "HCCSEA") filed a Motion to Cite for Contempt and Lump Sum Judgment against appellant. The motion alleged appellant had failed to pay child support as previously ordered by the court. In a May 19, 1997 Judgment Entry, the trial court found appellant in contempt and granted a lump sum judgment against appellant and in favor of HCCSEA in the amount of $1,909.79 for child support and poundage arrears accumulated through January 31, 1997. The trial court sentenced appellant to thirty days in the Holmes County Jail but suspended the sentence upon certain conditions. First, appellant was ordered to comply with all court and administrative orders regarding his child support obligation. Next, appellant was ordered to pay the costs of the action within sixty days.
On July 11, 1997, HCCSEA filed a Motion for Imposition of the thirty-day sentence maintaining appellant had failed to make any payments since May 1, 1997. In a December 18, 1997 Judgment Entry, the juvenile court found appellant had not met the conditions imposed in the May 19, 1997 Judgment Entry. Accordingly, the trial court reinstated appellant's sentence and ordered appellant to serve thirty days in the Holmes County Jail.
In a December 22, 1997 Judgment Entry, the trial court released appellant from jail on the condition appellant comply with all court and administrative orders, including the previously issued child support order. Appellant was also ordered to pay the court costs of the new action and to keep HCCSEA informed of his current address and employment status at all times.
On March 27, 1998, HCCSEA filed another Motion for Imposition of Sentence because appellant had failed to make any payment since September 22, 1997. In a June 29, 1998 Judgment Entry, the trial court dismissed the motion to reimpose sentence. However, the trial court granted HCCSEA a lump sum judgment for arrearages through May 31, 1998. The trial court again suspended the remaining eighteen days of appellant's sentence for one year. The trial court conditioned such suspension on appellant paying his child support and appellant's compliance with a psychiatric evaluation.
On November 12, 1999, the Holmes County Grand Jury indicted appellant with one count of non-support of dependents, a felony of the fifth degree, in violation of R.C. 2919.21(B). The indictment alleged appellant had failed to pay child support as established by court order for more than 26 out of 104 consecutive weeks. These consecutive weeks were calculated from November 1, 1996 to October 31, 1998.
On December 22, 1999, appellant filed a Motion to Dismiss claiming the prosecution was barred by double jeopardy and R.C. 2941.25. The trial court conducted a hearing on January 26, 2000. Appellee stipulated to the facts as presented herein. In a February 7, 2000 Judgment Entry, the trial court denied appellant's motion to dismiss.
On February 15, 2000, appellant plead no contest to one count of non-support of dependents in violation of R.C. 2919.21(B). The trial court found appellant guilty and ordered a presentence investigation. In an April 3, 2000 Judgment Entry, the trial court sentenced appellant to three years of community control, including one year of intensive supervision.
Appellant prosecutes this appeal from the February 7, 2000 Judgment Entry which denied his motion to dismiss; the February 15, 2000 Judgment Entry which found him guilty; and the April 3, 2000 Sentencing Entry. Appellant assigns the following error for our review:
 THE TRIAL COURT ERRED IN DENYING APPELLANTS MOTION TO DISMISS BECAUSE CRIMINAL CONTEMPT FOR FAILURE TO PAY CHILD SUPPORT IS A LESSER INCLUDED OFFENSE OF NON-SUPPORT OF DEPENDENTS ORC 2929.21(B) AND PROSECUTION IS BARRED PURSUANT TO ORC 2941.25.
 I
In his sole assignment of error, appellant maintains the trial court erred in denying his motion to dismiss for three reasons. First, appellant maintains the May 19, 1997 Juvenile Court Order which found him in contempt of court and sentenced him to thirty days in the county jail was a criminal sanction for the purposes of double jeopardy. Next, appellant maintains if this court should find the contempt sanction was criminal, the offenses were allied offenses of similar import pursuant to R.C. 2941.25. Appellant further maintains because the State could prove no separate animus for each crime, appellant should not have been convicted of both offenses. We disagree with each of appellant's contentions.
The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."Fifth Amendment to the United States Constitution; see, also, Section 10, Article I, Ohio Constitution. Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense. See Kansas v. Hendricks,521 U.S. at 369, 117 S.Ct. at 2085, 138 L.Ed.2d at 519; Witte v.United States (1995), 515 U.S. 389, 396, 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351,361.
As noted in State v. Williams (2000), 88 Ohio St.3d 513, 527-528:
 The threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment. Hudson v. United States
(1997), 522 U.S. 93, 101, 118 S.Ct. 488, 494, 139 L.Ed.2d 450, 460.
We begin our analysis with this threshold question.
There is a difference between civil contempt and criminal contempt. Civil contempt utilizes a sanction imposed to coerce the contemnor to comply with the court's order, and is established by using the clear and convincing evidence standard. Con-tex Inc. v. Consolidated Technologies,Inc. (1988), 40 Ohio App.3d 94. Criminal contempt permits a court to impose a sanction as punishment for a past failure, and thus, the contemnor is entitled to all rights afforded a criminal defendant.Morford v. Morford (1993), 85 Ohio App.3d 50, 54.
Contempt is classified as either civil or criminal depending on the character and purpose of the contempt sanction. Brown v. Executive 200,Inc. (1980), 64 Ohio St.2d 250. Under civil contempt, prison sentences are conditional, i.e. the contemnor is imprisoned until he obeys the court order. Id. at 253. "If sanctions are primarily designed to benefit the complainant through remedial or coercive means, then the contempt proceeding is civil." Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 16. Punishment imposed upon an adjudication of civil contempt must afford the contemnor an opportunity to purge himself of contempt. Fry v. Fry (1989), 64 Ohio App.3d 519, 523. "The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as so ordered." Brown v. Executive 200,Inc. (1980), 64 Ohio St.2d 250, 253; State v. Kilbane (1980),61 Ohio St.2d 201; Tucker v. Tucker (1983), 10 Ohio App.3d 251.
Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Brown at 254. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. See, generally, State v. Local Union 5760 (1961),172 Ohio St. 75, at 82-83, 173 N.E.2d 331. Therefore, to determine if the sanctions in the instant cause were criminal or civil in nature, it is necessary to determine the purpose behind each sanction: was it to coerce the appellees to obey an order, or was it to punish them for past violations? Brown, supra at 254.
Three recent unreported appellate cases have applied these principals in strikingly similar cases. In State v. Jones (Jun. 19, 1995), Clermont App. No. CA94-11-094, unreported, the defendant was previously held in contempt and jailed for a failure to pay child support as ordered. The defendant was then subsequently charged and convicted for felony non-support for the same conduct. The Jones court found the contempt action to have been civil in nature because it allowed the contemnor to purge himself of the contempt and avoid the punishment.
In State v. Rogers (Dec. 23, 1994), Lake App. No. CA93-L-180, unreported, the Eleventh District addressed the issue of double jeopardy for criminal non-support after a finding of contempt in divorce proceedings. The Rogers court found the prior contempt proceeding was civil in nature because it was brought to coerce or persuade the defendant therein to pay the agreed upon child support.
In State v. Yacovella (Feb. 1, 1996), Cuyahoga App. No. 69487, unreported, the Eight District Court of Appeals also addressed a double jeopardy issue where the defendant had previously been held in contempt and jailed for failure to pay child support, but was subsequently convicted for the same conduct. The Yacovella court agreed with the reasoning set forth in Jones, supra, and Rogers, supra, and found the defendant had not been exposed to double jeopardy where criminally convicted for child non-support following a civil contempt citation in divorce proceedings. As in Jones and Rogers, the civil contempt order in the Yacovella case provided the defendant with an opportunity to purge the contempt through compliance with the child support order.
We agree with the reasoning set forth by the Eighth, Eleventh, and Sixth Districts. Because the sanction in the matter sub judice was clearly designed to coerce appellant to comply with the trial court's order, and because appellant would only serve the suspended sentence if he failed to comply with the conditions set forth in the trial court's order, we find the contempt was civil in nature. The first portion of appellant's first assignment of error is overruled.
In the second and third portions of appellant's assignment of error, appellant maintains the trial court erred in failing to find the civil contempt was an allied offense of similar import under 2941.25. Appellant argues because no separate animus existed, the statute precludes the criminal prosecution herein. We disagree.
R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
(Emphasis added).
As stated by the Ohio Supreme Court in State v. Rance (1999),85 Ohio St.3d 632:
 In Ohio it is unnecessary to resort to the Blockburger
test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct.
Par. 3 of syllabus. (Emphasis added).
As noted above, allied offenses of similar import require a finding of two separate criminal offenses. Perhaps most important, however, these criminal offenses must be charged within the same indictment and punished within the same trial. In light of our finding appellant's jailing for contempt was civil in nature, and because appellant was not indicted for a contempt in addition to felony non-support, we find R.C. 2941.25
inapplicable. Appellant's sole assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Holmes County Court of Common Pleas are affirmed. Costs assessed to appellant.
Hoffman, J. Boggins, J. concur. Edwards, P.J. dissents.