This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Murray P. Collette, appeals the finding of contempt in the Summit County Court of Common Pleas, Domestic Relations Division. We affirm in part and reverse in part. Mr. Collette and Martha Collette, appellee, were divorced on January 14, 1998. The Collette's union produced two children. Mr. Collette was named as residential parent of their sons and ordered to pay spousal support. Mr. Collette is the president and, apparently, major shareholder of a local manufacturing company. Mr. Collette receives compensation in the form of his base salary and occasional sizable bonuses. Mr. Collette's spousal support obligation was set at $90,000 per year total support, at the rate of $5,000 per month and a $30,000 lump sum at the time of Mr. Collette's annual bonus.
On October 5, 1998, Mr. Collette moved to decrease his spousal support obligation and to require Ms. Collette to begin paying child support. The company for which he works had experienced a serious decline in revenue, and Mr. Collette's salary had decreased; further, his bonuses have virtually evaporated. The matter was referred to a magistrate who, after an evidentiary hearing, issued a decision denying Mr. Collette's motions. On September 23, 1999, the trial court overruled Mr. Collette's timely objections to the magistrate's decision. As this order was not final and appealable, the trial court entered a nunc pro tunc
judgment entry on May 18, 2000. Mr. Collette appealed, filing his notice of appeal in the trial court on June 13, 2000. This court affirmed inCollette v. Collette (Jan. 24, 2001), Summit App. No. 20119, unreported (hereinafter Collette I).
Meanwhile, on September 21, 1998, Ms. Collette filed motions for modification of payment of lump sum spousal support, contempt for failure to pay the entire property settlement and judgment thereon, contempt for failure to pay spousal support and lump sum judgment thereon, for an order requiring Mr. Collette to pay one-half of certain proceeds from a bond trust, contempt for failure to process the division of retirement accounts, and for attorney fees. Ms. Collette filed these motions again "NUNC PRO TUNC" on October 19, 1998. Apparently, the matter was referred to a magistrate who entered a decision on the matter on January 6, 1999. On January 11, 1999, the trial court adopted the magistrate's decision as an order of the court. Mr. Collette filed objections to the magistrate's decision, which were overruled on May 18, 2000. Mr. Collette filed his notice of appeal to this court on June 13, 2000, attached were both the trial court's judgment entry on his motion to modify and Ms. Collette's various motions. As noted above, we affirmed in Collette I, supra.
On June 20, 2000, Ms. Collette again moved for a finding of contempt due to Mr. Collette's failure to pay spousal support and for an order directing payment of the same. This motion was based upon Mr. Collette's failure to pay the thirty thousand dollar lump sum payments in 1998 and 1999, whereas, Ms. Collette's 1998 motions did not deal with the issue of the lump sum payments. The matter was referred to a magistrate who rendered a decision on September 29, 2000. That decision, as well as the trial court's order adopting it, were journalized on October 3, 2000. Mr. Collette filed objections to the magistrate's decision, which were overruled on December 26, 2000 in an order setting forth the court's ruling on the motion. This appeal followed.
Mr. Collette asserts four assignments of error. As we find the interpretation of the original divorce decree to be dispositive of all of Mr. Collette's assignments of error, we will address them together to facilitate review.
 First Assignment of Error THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT HELD APPELLANT IN CONTEMPT FOR FAILURE TO PAY SPOUSAL SUPPORT BASED UPON A CONDITION PRECEDENT WHICH HAD NOT OCCURRED AND WHICH WAS IMPOSSIBLE TO PERFORM.
 Second Assignment of Error THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MODIFIED THE ORIGINAL DIVORCE DECREE BY ALTERING THE LANGUAGE OF THE SPOUSAL SUPPORT PROVISION.
 Third Assignment of Error THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED APPELLANT TO BEAR APPELLEE'S TAX CONSEQUENCES OF A LUMP SUM PAYMENT IN ADDITION TO TRANSFERRING ANY TAX BENEFIT APPELLANT RECEIVED TO APPELLEE.
 Fourth Assignment of Error THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED APPELLEE ATTORNEY FEES.
Mr. Collette avers that the trial court erred in its interpretation of the terms of the original divorce decree, and therefore, erred in entering judgment on various issues attendant thereto, including contempt. We disagree as to whether the trial court erred in its interpretation of the original decree, but agree that the trial court erred in finding Mr. Collette in contempt.
"When interpreting ambiguous decrees, courts have distinguished between divorce decrees that incorporate separation agreements and divorce decrees that only contain terms ordered by a court." Keeley v. Keeley
(July 21, 1997), Clermont App. No. CA97-02-013, unreported, 1997 Ohio App. LEXIS 3139, at *3. Where a separation agreement has been incorporated into a divorce decree, the intent of the parties is key and the normal rules of contract construction are applicable. Kelly v. Med.Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus, 131-32; Rodgers v. Rodgers (Apr. 11, 2001), Summit App. No. 20242, unreported, at 3-4; Keeley, supra, at *3. However, where the divorce decree contains terms ordered by the trial court, "the court retains jurisdiction to interpret and clarify what the court intended in the decree."[1] Keeley, supra, at *3.
 Ohio law clearly establishes that a judgment may be interpreted if it is ambiguous. If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute.
 Quisenberry v. Quisenberry (1993), 91 Ohio App.3d 341, 348. Further, where "a divorce decree is susceptible to two possible interpretations, a court must adopt an interpretation that gives effect to the decree in its entirety without eliminating a part of the decree." Ward v. Ward, 13 Ohio App.3d 302, 302. Such an interpretive decision is reviewed by a reviewing court for an abuse of discretion. Keeley, supra, at *4. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546, 552.
The provision of the January 14, 1998 divorce decree at issue here provides:
 Having determined the division of property under R.C. 3105.171, this Court next evaluated the issue of spousal support. Having considered all of the statutory factors under R.C. 3105.18, this Court orders Defendant to pay Plaintiff $7,500 per month, plus processing fee, as and for spousal support, commencing the first charge date after the date of this decree and subject to the continuing jurisdiction of the Court. This award, however, shall be paid as follows: the sum of $5,000 per month, plus processing fee, by wage assignment, plus $30,000 per year payable lump sum on an annual basis when Defendant's bonus is paid to him ($2,500 per month x 12 = $30,000). This award shall sooner terminate upon the Plaintiff's or Defendant's death or the Plaintiff's remarriage.
 The award of seven thousand five hundred dollars per month in spousal support is payable in two portions under this language, one on a monthly basis and one on a yearly basis "when Defendant's bonus is paid to him[.]" However, the decree also provides that "this Court orders Defendant to pay Plaintiff $7,500 per month, plus processing fee, as and for spousal support[.]" Although the decree provides for Mr. Collette to pay seven thousand five hundred dollars per month in spousal support, the decree later provides that this is payable "when" Mr. Collette receives his yearly bonus. Hence, the decree is ambiguous. Further, the apparent condition placed upon Mr. Collette's liability to pay the thirty thousand dollars is also ambiguous. O'Brien Gere Engineers, Inc. v. Taleghani (E.D.Pa. 1982), 540 F. Supp. 1114 (reconsidering the trial court's original decision, which found that a contract term providing that payment was due "`within fifteen days of the availability of funds'" was ambiguous and was a condition precedent to payment, and upon reconsideration, concluding that the term was ambiguous but, based on evidence adduced before that court, that the promise to pay was unconditional). Hence, we find that the trial court's judgment in the divorce decree to be ambiguous in regard to whether Mr. Collette's duty to pay the thirty thousand dollars was conditioned upon his receipt of a bonus in that calendar year.
Contempt
Based upon our conclusion that the trial court's decree was ambiguous, we find the trial court's finding of contempt to be unreasonable. "A finding of contempt will not be reversed absent an abuse of discretion." Keeley, supra, at *6. Our standard of review under the abuse of discretion standard was set forth above.
 "It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him."
(Citations omitted.) Ex Parte Quevedo (Tex.App. 1981), 611 S.W.2d 711,713. Having concluded that the trial court's decree was ambiguous, we find the trial court's finding of contempt based upon such an ambiguous decree to have been unreasonable. Accordingly, the trial court's finding of contempt is reversed.
Interpretation of the Decree
As a preliminary matter, we will discuss Ms. Collette's arguments regarding the "law of the case" doctrine. Ms. Collette avers that the trial court was bound in its determination by the "law of the case" doctrine, as Mr. Collette did not appeal the magistrate's determination that he had to make the thirty thousand dollar lump sum payment regardless of whether he received a bonus in Collette. See Nolan v. Nolan (1984), 11 Ohio St.3d 1. However, the magistrate alone interpreted the divorce decree on January 11, 1999. Although payment would have been due and owing under the magistrate's analysis at that point in time, the magistrate did not recommend that the amount be reduced to judgment. In adopting the magistrate's decision, the trial court ruled that "[t]he following Magistrate's Decision is the order of the Court" and then passed upon the issues raised in Ms. Collette's motion. The trial court, however, did not interpret the divorce decree or enter judgment on the thirty thousand dollar lump sum payment(s) then owing. Accordingly, we conclude that the trial court never passed upon the issue. This conclusion is reinforced by the trial court's extensive treatment of the interpretation issue in its later finding of contempt.
Significantly, the law of the case "doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels[;]" however, "[t]he doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." Id. at 3. Based on the foregoing, we find the law of the case doctrine inapplicable here.
Now, we turn to the trial court's interpretation of the divorce decree. As previously noted, the trial court clearly had the authority to interpret its previous decree to alleviate the ambiguity within. As noted above, we review the trial court's interpretation for an abuse of discretion. The language in the decree setting the amount of monthly spousal support was unconditional; the ambiguity arises in the manner in which payment is directed to be made. "If a divorce decree is susceptible to two possible interpretations, a court must adopt an interpretation that gives effect to the decree in its entirety without eliminating a part of the decree." Ward, 13 Ohio App.3d at 302. Were we to find that the payment of the thirty thousand dollar lump sum payment was conditioned upon Mr. Collette's receipt of a bonus, the terms of the decree requiring unconditional payment of seven thousand five hundred dollars per month in spousal support would not be given effect. However, an interpretation that the terms, providing that support "shall be paid as follows: the sum of $5,000 per month, plus processing fee, by wage assignment, plus $30,000 per year payable lump sum on an annual basis when Defendant's bonus is paid to him ($2,500 per month x 12 = $30,000)," pertain only to how the support shall be paid and do not effect the duty to pay the seven thousand five hundred dollars per month will give effect to all the provisions in the decree. Accordingly, we cannot conclude that the trial court abused its discretion in finding that Mr. Collette must pay the thirty thousand dollars per year regardless of whether he receives a bonus. Hence, the trial court's interpretation of the decree is affirmed.
Allocation of Tax Consequences and Attorney Fees
In its order finding Mr. Collette to be in contempt, the trial court ordered that he pay any tax consequences which befall Ms. Collette as a result of the payment of multiple lump sum payments of thirty thousand dollars in one year and pay to her any tax benefits he receives from such lump sum payment. Further, the trial court ordered Mr. Collette to pay Ms. Collette's attorney fees. As we find the finding of contempt to have been in error, we also conclude that these portions of the contempt finding must be reversed.
Ohio follows the American rule, which prohibits the award of attorney fees absent statutory authorization. Sorin v. Bd. of Edn. (1976),46 Ohio St.2d 177, 179. Statutory authorization for the award of attorney fees in civil contempt for failure to pay alimony is provided in R.C. 3105.18(G).[2] This statutory provision provides, in pertinent part,
 If any person required to pay * * * spousal support under an order made or modified by a court on or after January 1, 1991, is found in contempt of court for failure to make alimony or spousal support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and shall require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt.
 (Emphasis added.) R.C. 3105.18(G). In addition to the court's mandatory duty to assess costs and attorney's fees against one found in contempt for failure to pay spousal support, the court "may award reasonable attorney's fees to either party at any stage of the proceedings[.]" R.C. 3105.18(H).
As the trial court found Mr. Collette in contempt, it assessed attorney fees pursuant to the mandate in R.C. 3105.18(G). An award of attorney fees pursuant to R.C. 3105.18(H) is addressed to the sound discretion of the trial court. Donese v. Donese (Sept. 29, 2000), Greene App. No. 2000-CA-17, unreported, 2000 Ohio App. LEXIS 4462, at *7-8 (addressing the award of attorney fees under R.C. 3105.18(H)). However, in its contempt order, the trial court specifically based its assessment of attorney fees on R.C. 3105.18(G). Hence, although no transcript of the hearing before the magistrate was prepared, we find it unnecessary for the resolution of this matter. Pursuant to R.C. 3105.18(G), attorney fees are only mandated upon a finding of contempt. As we find that the contempt determination must be reversed, we find that the award of attorney fees based thereon must also be reversed. Further, as the reallocation of tax benefits and burdens was also based upon the contempt determination, we find it too must be reversed. See, generally, R.C.3105.18(G).
Mr. Collette's assignments of error are sustained to the extent he avers that the trial court erred in finding him in contempt, assessing attorney fees against him, and requiring him to bear the tax consequences of the ambiguity. His assignments of error are overruled to the extent that they aver that the trial court abused its discretion in interpreting its decision and thereby in determining that he must make the thirty thousand dollar yearly lump sum payment(s).
The contempt entry of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the cause is remanded for further proceedings not inconsistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
______________________________________ WILLIAM G. BATCHELDER
SLABY, J., CONCURS.
[1] Hence, although a transcript of the proceedings before the magistrate is not before us, it is not necessary for our review of this issue. We note that the trial court judge who authored the decree was the same judge who interpreted it in the instant action.
[2] In our review, we refer to R.C. 3105.18 as it appeared on the date of the contempt determination.