This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-Defendant Darryl Taylor has appealed from an order of the Lorain County Court of Common Pleas which denied his motion to dismiss the charge of criminal non-support levied against him. This Court affirms.
 I
The Lorain County Child Support Enforcement Agency ("CSEA") filed a motion in the Lorain County Domestic Relations Court to cite Taylor for contempt for failing to pay his court-ordered child support. A hearing was scheduled, but Taylor failed to appear and a capias was issued for his arrest. Taylor was arrested and brought before the Domestic Relations Court for a hearing on the contempt motion. Taylor was found guilty of contempt for failing to abide by the court's previous child support order, and was sentenced to serve thirty days in the county jail. After he made payment towards his support arrearage, Taylor was released. He was then able to purge himself of the contempt, and CSEA's motion was dismissed.
Subsequently, Taylor was indicted on one count of non-support of his son, a fifth degree felony, in violation of R.C. 2919.21(A)(2). Taylor entered a not guilty plea and filed a motion to dismiss the indictment, arguing that the state was barred by the doctrines of res judicata and double jeopardy from prosecuting him for non-support because he was previously punished by the domestic relations court for the same issue. The trial court denied his motion. Taylor withdrew his not guilty plea, pled no contest to the indictment, was found guilty and was sentenced to three years of community control.
 Taylor has timely appealed, and has asserted three assignments of error, none of which this Court finds meritorious.
 II
Taylor has argued that the trial court erred in denying his motion to dismiss. In his first assignment of error, Taylor has asserted that the domestic relations court order which found him in contempt and sentenced him to thirty days in the county jail was a criminal sanction for purposes of double jeopardy. This Court disagrees.
The threshold question in a double jeopardy analysis is whether the government's conduct involves criminal punishment. State v. Williams
(2000), 88 Ohio St.3d 513, 528, cert. denied (2000), 531 U.S. 902,148 L.Ed.2d 173; Hudson v. United States (1997), 522 U.S. 93, 101,139 L.Ed.2d 450, 460. Whether a contempt proceeding is criminal or civil depends on the character and purpose of the contempt sanction. Brown v.Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253. Where the contempt is criminal in nature, the contemnor is usually given an unconditional prison sentence, as punishment for a completed act of disobedience and to vindicate the authority of the law and the court. Id. at 254. In civil contempt proceedings, on the other hand, prison sentences are usually conditional; they terminate when the contemnor agrees to obey the court's order. Id. at 253. Punishment imposed upon an adjudication of civil contempt must afford the contemnor an opportunity to purge himself of contempt. Fry v. Fry (1989), 64 Ohio App.3d 519, 523.
This Court finds that the contempt proceeding in the domestic relations court was civil, as opposed to criminal. Thomas was released from prison after he made payment towards his support arrearage. The goal of the sentence imposed by the domestic relations court was to coerce Thomas to comply with the court's order. Furthermore, Thomas was able to purge himself of the contempt, and the contempt motion was dismissed. Several appellate courts have dealt with similar facts and have found the same. See, generally, State v. Martin (Mar. 27, 2001), Holmes App. No. 00CA003, unreported, 2001 Ohio App. LEXIS 1438; State v. Riley (July 30, 1997), Hamilton App. No. C-960940, unreported, 1997 Ohio App. LEXIS 3503; State v. Yacovella (Feb. 1, 1996), Cuyahoga App. No. 69487, appeal not allowed (1996), 76 Ohio St.3d 1420, unreported, 1996 Ohio App. LEXIS 329; State v. Jones (June 19, 1995), Clermont App. No. CA 94-11-094, unreported, 1995 Ohio App. LEXIS 2555; State v. Rogers (Dec. 23, 1994), Lake App. No. CA 93-L-180, unreported, 1994 Ohio App. LEXIS 5806. Because we have determined that the contempt proceedings were civil, we conclude that the trial court did not err in denying Taylor's motion to dismiss based on double jeopardy grounds.
In his second assignment of error, Taylor has asserted that the "non-support violation in domestic relations court is a lessor included charge of non-support" under R.C. 2919.21(A)(2); in his third, he has charged that because the contempt sanction was criminal, the offenses were allied offenses of similar import. The record reveals that neither of these arguments were raised in the trial court. Furthermore, this Court's finding that the contempt was civil and not criminal disposes of Taylor's second and third assignments of error.
 III
Accordingly, each of Taylor's three assignments of error are overruled. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.