Turner, J.
 

 Appellants’ claim that the Court of Common Pleas of Tuscarawas county did not have jurisdiction of the subject matter is unfounded.
 

 Section 12161, General Code, provides:
 

 “A person unlawfully restrained of his liberty, or a person entitled to the custody of another, of which custody he is unlawfully deprived, may prosecute a writ of
 
 habeas corpus,
 
 to inquire into the.cause of such imprisonment, restraint, or deprivation.”
 

 Section 10507-8, General Code, provides:
 

 “The wife and husband are the joint natural guardians of their minor children and are equally charged with their care, nurture, welfare and education and the care and management of their estates. The wife and husband shall have equal powers, rights and duties, and neither parent has any right paramount to the
 
 *541
 
 right of the other concerning the custody of the minor or the control of the services or the earnings of such minor or any other matter affecting the minor; provided that if either parent, to the exclusion of the other, is maintaining and supporting the child, such parent shall have the paramount right to control the services and earnings of the child. Neither parent shall forcibly take a child from the guardianship of the parent legally entitled to its custody. * * *”
 

 At common la,w, the father of a child was entitled to its custody during minority and this right of custody was paramount against the whole world. 30 Ohio Jurisprudence, 558, Section 12.
 

 In 30 Ohio Jurisprudence, 563, Section 16, it is said:
 

 “Small children frequently come under the care and control of their grandparents, but other things, such as school facilities, being equal, a parent’s right of custody is superior to that of a grandparent having a present control. ’ ’
 

 It is argued by appellants that the enactment of the Juvenile Court Code (Section 1639-1
 
 et seq.,
 
 General Code) has deprived the Court of Common Pleas of jurisdiction to grant a writ of
 
 habeas corpus
 
 in respect of any child and that the exclusive original jurisdiction over all children is now placed in the Juvenile Court, under Section. 1639-16, General Code. Under the Juvenile Court Code, such courts have jurisdiction only of delinquent, neglected or dependent children. The child here in question has not been shown to be delinquent, neglected or dependent or the ward of any other court.
 

 We need not discuss the question of whether the General Assembly could deprive a parent of the custody of a child and place- such child under the jurisdiction of the Juvenile Court where such child is not delinquent, neglected or dependent. It is our opinion that the Juvenile Court has no jurisdiction over a child
 
 *542
 
 which is neither delinquent, neglected nor dependent. We agree with the statement in the Court of Appeals in its opinion that:
 

 “There can be no question, as to the correctness of the decision of the court below on the merits in awarding this child to the father. The record convinces us that the arrangement whereby the defendants cared for Sally Jean was only temporary in nature and was not such as to deprive the father of his right to the custody of his daughter. There are no elements of abandonment present and no question was raised as to his fitness to have her. The testimony of Mrs. Ripley herself on page 8 of the record shows that there was no contract.”
 

 Therefore, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.