**CLINE, Plaintiff-Appellant, v. CLINE, Defendant-Appellee.**

Ohio Appeals, Second District, Fayette County.

No. 278.   Decided October 28, 1955.

F. Scott Zimmerman, Washington C. H., for plaintiff-appellant.
Reed M. Winegardner, Washington C. H., for defendant-appellee.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By THE COURT:

This is a law appeal from a judgment of the Common Pleas Court decreeing upon motion of the defendant a modification of an alimony award by reducing certain overdue payments to a lump sum and changing the custody of one of the minor children of the parties hereto and providing for its support.

The record reveals that on January 11, 1949, a divorce decree was granted to the plaintiff which also awarded him custody of all the children of the parties hereto with the exception of the youngest, then only three years of age, whose custody was awarded to the defendant and for whose support the plaintiff was ordered to pay the sum of $7.50 per week.

The decree also provided:

"Further ordered that the clerk of this court certify to the Juvenile Court of Fayette County, Ohio, that an award of the custody and support of the minor children has been made and that all further proceedings, relative to the care, custody and support, are hereby referred to said Juvenile Court for further proceedings as provided by law."

The docket of the Common Pleas Court bears the notation that a certified copy of the divorce decree was issued and delivered to the Juvenile Court of Fayette County, but it does not show an acceptance by the Juvenile Judge. The cause was never docketed by the Juvenile Court and there is no evidence in its records indicating that a certified copy was filed with it or that it had accepted jurisdiction over the subject matter of the custodial order. Sec. 8034-1 GC, effective at the time of the filing of the order provided for such a transfer to the Juvenile Court, to wit:

"Any court, other than a juvenile court, having jurisdiction in any case respecting the care, custody, or support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much thereof and such further information in narrative form or otherwise as the court deems necessary or the juvenile court may request, to the juvenile court for the further proceedings according to law; and thereupon the juvenile court shall have exclusive jurisdiction respecting such child. This section shall apply to pending actions."

This same section also provides that under certain conditions the certification may be made to any Juvenile Court of any county in the state for further proceeding according to law, "provided the consent of said juvenile court is first obtained."

The plaintiff objected to the Common Pleas Court assuming jurisdiction, contending that the continuing jurisdiction over the children had been transferred to the Juvenile Court in accordance with the foregoing section of the General Code. The trial court overruled the plaintiff's motion objecting to the same, holding that express consent of the Juvenile Court is an essential prerequisite to such certification and is a mandatory requirement under the statutory law of Ohio in order to invoke jurisdiction upon it to hear and determine any further proceedings; that the Juvenile Court of Fayette County had acquired no jurisdiction to hear and determine any of the issues raised. We are in full accord with the court's ruling on the jurisdictional question as well as with the authorities cited in support of the same which are set forth in the well-considered opinion of Judge Case. It would serve no useful purpose for us to write another opinion assigning the same reasons and authorities in support of the order.

We think it well, however, to call attention to the fact that §8034-1 GC was repealed effective August 28, 1951, at which time the comparable section, §8005-6 GC became effective and which changed the prior section by adding the following:

"Cases wherein the Court of Common Pleas finds the parents unsuitable to have the custody of the child or children, consent of the juvenile court shall not be required to such certification."

If the consent of the juvenile judge was not required in any case by the old section, then the addition to the new section served no purpose, which does not seem reasonable or probable.

The remaining error assigned is that the judgment is manifestly against the weight of the evidence. Our examination of the same reveals

that the judgment is supported by evidence that is reliable and probative. We are not permitted to substitute our judgment for that of the trial court as to what order of custody would be for the best interest of the child. **Trickey v. Trickey, 158 Oh St 9.**

We find no error in the record and the judgment will be affirmed.

MILLER, PJ, HORNBECK and CONN, JJ, concur.