Taft, J.
In support of the order of the Common Pleas Court which was affirmed by the judgment of the Court of Appeals, the grandmother has argued that the testimony “tends to establish that early in the life of” plaintiff’s daughter “plaintiff abandoned the custody of said child to the child’s grandmother * * * and thereafter neglected her and gave her little or no attention.” However, the Common Pleas Court did not find and the evidence in the record was not sufficient to support a finding that plaintiff’s “conduct with respect to” her daughter was, to use the words of paragraph one of the syllabus in In re Tilton, 161 Ohio St., 571, 120 N. E. (2d), 445, “such as to amount to abandonment of the child.” See also Paddock v. Ripley, 149 Ohio St., 539, 542, 80 N. E. (2d), 129.
Although there is some evidence that on occasions plaintiff did not give her daughter as much attention as some other mother might have given such a daughter under the same or similar circumstances, evidence relied upon by the grandmother could not support a reasonable finding that plaintiff had abandoned her daughter. Also, the undisputed evidence discloses that plaintiff had been living in the grandmother’s home before her daughter was born, that plaintiff and her daughter continued to live in the grandmother’s home until plaintiff’s second marriage when the daughter was over five years old, that during all that time plaintiff regularly gave five dollars a week *236 to the grandmother for herself and her daughter, that after her second marriage plaintiff gave the grandmother at first seven dollars and later five dollars a week, that plaintiff wanted to take the child to live with her after her second marriage but the grandmother objected, and that plaintiff had delayed doing anything about it in order to keep peace in the family. Cf. Clark v. Boyer, 32 Ohio St., 299, 30 Am. Rep., 593.
The order of the Common Pleas Court specifically states that “there was no showing of the * * * mother’s unfitness.” That statement in the court’s order indicates a finding that the mother is not unfit and we see no basis on the record for disturbing that finding.
Therefore, the question to be decided is whether the Common Pleas Court in a divorce action has the authority, after having first awarded custody of a child to its mother, to change the legal custody of that child of 13 from its mother to its grandmother where the child has not been abandoned by the mother and there is no showing of the mother’s unfitness. In our opinion, a negative answer to this question is required by the provisions of Section 3109.04, Bevised Code, which read:
“Upon hearing the testimony of either or both parents, corroborated by other proof, the court shall decide which of them shall have the care, custody, and control of the offspring, taking into account that which would be for their best interest, except that if any child is 14 years of age or more, it may be allowed to choose which parent it prefers to live with, unless the court finds that the parent so selected is unfitted to take charge. The provisions permitting a child to choose the parent with whom it desires to live shall apply also to proceedings for modification of former orders of the court fixing custody. If the court finds, with respect to any child under 18 years of age, that neither parent is a suitable person to have custody it may commit the child to a relative of the child or certify a copy of its findings, together with so much of the record and such further information, in narrative form or otherwise, as it deems necessary or as the Juvenile Court requests, to the Juvenile Court' for further proceedings, and thereupon the Juvenile Court shall have exclusive jurisdiction. This section applies to actions pending on August 28,1951. ’ ’
*237 The third sentence of this statute in effect provides that the court is to have authority to commit a child under 18 to a relative only if “the court finds * * * that neither parent is a suitable person to have custody.” Where a court is talking about the custody of a child and considering whether to take that custody from the mother of that child, the court’s statement, that “there was no showing of the * * * mother’s unfitness,” certainly would be inconsistent with a finding that such mother is not “a suitable person to have custody.” It may be that the mother in the instant case is not as suitable a person to have custody of plaintiff’s daughter as is the grandmother. However, the General Assembly has said that, if the mother is “a suitable person to have custody,” the court is not to have authority to take that custody from the mother and give it to some relative other than the father, notwithstanding that the court should, as in the instant case, find that by doing so “the general welfare and best interests of the child would be best suited.”
In determining whether the mother is, within the meaning of this statute, “a suitable person to have custody” of her child, the Common Pleas Court in the instant case probably could and undoubtedly did give consideration to the fact that the plaintiff mother permitted the child to remain with the child’s grandmother “until ties of affection had come into existence between [the grandmother] and the child, the severance of which now * * * [will] cause pain and sorrow” to the child as well as to her grandmother. See Richards v. Forrest, 278 Mass., 547, 555, 180 N. E., 508. However, as hereinbefore pointed out, the specific finding of the court as to plaintiff’s fitness is consistent only with a finding that plaintiff is “a suitable person to have custody” of her child.
The General Assembly must have recognized that this statute would require decisions such as that which we are rendering in the instant case. However, it apparently regarded having a child living with “a suitable parent” as of more importance than avoiding the pain and sorrow to the child and to others which will usually be the necessary consequence of such a decision. The General Assembly may well have recognized that, although a child is generally apprehensive of any change in its *238 living habits, the child usually adjusts quite readily to such a change after it has been made; so that any pain and sorrow to the child in a case of this kind will not be more than temporary in extent.
Appellee further has argued that Section 3109.04, Revised Code, is limited in its application to contests for custody of a child arising at the time of the actual divorce proceedings. In our opinion, that argument is answered by the second sentence of the statute, the words of which specifically contemplate ‘ ‘ proceedings for modification of former orders of the court, fixing custody.” Nothing in the statute indicates that there may be such “proceedings for modification of former orders” only where a child is or may be given an opportunity to choose the parent with whom it desires to live.
For the reasons hereinbefore given, the judgment of .the Court of Appeals is reversed and final judgment is rendered for plaintiff.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.