In re Small et al.

(No. 769—Decided October 1, 1960.)

*Mr. Thomas C. Hanes* and *Messrs. Spidel, Staley & Hole*, for appellee.
*Mr. Martin D. Pluess* and *Mr. Floyd D. Smith*, for appellant.

Kerns, J. This is an appeal on questions of law from a judgment of the Juvenile Court of Darke County.

On December 2, 1959, Albert E. Small, the father of Albert E. Small, II, and Dean Allen Small, ages nineteen months and five months, respectively, filed a complaint in the Juvenile Court alleging that such children, being then in the custody of their mother, Idonna Small, were neglected children.

A few days later, Albert E. Small instituted an action for divorce in the Common Pleas Court of Darke County.

On January 20, 1960, by agreement of the parties, an entry was filed in the Juvenile Court whereby the children were made wards of such court and custody was granted to their maternal grandparents.

Thereafter, on January 22, 1960, a decree of divorce was rendered by the Court of Common Pleas of Darke County.

On February 24, 1960, Albert E. Small, the father of the children, filed a motion in the Juvenile Court, requesting that custody of the children be changed to his aunt, and on March 15, 1960, Idonna Small, the mother of the children, having remarried, filed a motion requesting custody.

On April 6, 1960, evidence was taken on these motions by the Juvenile Court, whereafter custody of the children was granted to an aunt of Albert E. Small.

A motion for a new trial by the mother of the children was thereafter overruled, whereupon an appeal was perfected to this court, the claim being made that the judgment of the Juvenile Court of Darke County is contrary to law and is not sustained by the evidence.

With reference to the contention that the judgment is contrary to law, it is significant that this cause was lodged in the Juvenile Court in a neglect proceeding under the authority of Section 2151.27, Revised Code, before an action for divorce was commenced in the Court of Common Pleas of Darke County.

Under such circumstances, the Juvenile Court had exclusive original jurisdiction to determine whether the children were neglected (Section 2151.23, Revised Code), the power to determine the custody of the children (Section 2151.23, Revised Code) and the express authority to place the children with a relative (Section 2151.35, Revised Code). The appellant relies upon Section 3109.04, Revised Code, and argues that the Juvenile Court cannot deprive the natural parents of custody of children without an express finding in the judgment entry that neither parent is a suitable person to have custody. We cannot agree, however, that the statute relied upon is applicable to neglect proceedings instituted under the authority of Section 2151.27, Revised Code. "Neglected children," by statutory definition, include those who lack proper parental care because of the faults or habits of their parents. Section 2151.03, Revised Code. Surely those responsible for neglect have no priority

to the neglected. And, surely, children who lack proper parental care cannot reasonably be returned to the same environment which necessitated the finding that such children were neglected. The merits of this appeal are, therefore, solely dependent upon the evidence.

Turning then to the evidence, we find that Albert E. Small, the father of the children, is and has been a member of the United States Air Force for six years. Prior to the marriage of the parties on April 27, 1957, and during the marriage, he was stationed at various Air Force installations in and around Dayton, Ohio. On or about August 18, 1959, he was sent on temporary duty to the state of Wisconsin and returned to find his wife at the home of her parents in Arcanum, Ohio, at which time she informed him that she was leaving him and going to Albuquerque, New Mexico, with the children. The appellant left on September 12, 1959, and returned to Arcanum on November 8, 1959. Soon after her return, one Frank Donaldson appeared in Arcanum, where the appellant was living, having followed her from New Mexico. The evidence discloses further that the appellant and Donaldson frequently associated thereafter, went to Florida together with the children on January 15, 1960, before the appellant was divorced from her first husband, and were married on or about February 3, 1960. At the time of the hearing on April 6, 1960, the appellant and her present husband were residing in the home of her parents, and he was working only part time.

Although courts are generally reluctant to deprive natural parents of the care and custody of their children, the evidence presented in this case does not manifest the stability or reflect a change of conditions which might justify a return of the children to the appellant at this time. And we may not substitute our judgment for that of the trial court as to what order of custody would be for the best interests of the children. *Cline* v. *Cline*, 73 Ohio Law Abs., 289; *Trickey* v. *Trickey*, 158 Ohio St., 9.

In our opinion, neither assignment of error is well made. The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and CRAWFORD, J., concur.