RUTH, HABEAS CORPUS, IN RE.

Common Pleas Court, Fayette County.

No. 23061.   Decided July 3, 1961.

*Mr. Herbert F. Kelley, Jr.*, for petitioner.
*Mr. Robert L. Brubaker*, for respondents.

CASE, J.   The files and records show that petitioner filed his original petition herein on June 27, 1961, and therein complained that Mr. and Mrs. John Copas were unlawfully restraining Cindy Lynn Ruth (aged 15 months) and Tammy Sue Ruth (aged 3 months) of their liberty, and that petitioner was the father of said children and was entitled to the custody thereof, and was unlawfully deprived of said custody; and, on June 27, 1961, a writ was issued commanding Mr. and Mrs. John Copas to have the children before the court on June 30, 1961, and to appear and show cause to the taking and detention of said children.

On June 28, 1961, petitioner filed an amended petition herein naming Mr. and Mrs. John Copas and also Mr. and Mrs. J. J. Forsha, as additional respondents to said action, and a writ was issued in accordance therewith; and the respective respondents were duly served on June 29, 1961.

On June 30, 1961, respondents Copas filed their return which reads as follows:

"Now come the respondents, John Copas and Lorie Copas, and admit that they have in their custody, Cindy Lynn Ruth.

"In answer to the petition, these respondents say:

"1. That prior to the filing of the petition herein, a neglected child complaint was filed concerning said Cindy Lynn Ruth in the Juvenile Court of Fayette County, Ohio, and said Court thereby acquired prior jurisdiction.

"2. That during the month of January, 1961, the petitioner, Henry Lee Ruth, abandoned said Cindy Lynn Ruth and her mother, who was then pregnant with Tammy Sue Ruth and seriously ill, and because of this it was necessary that someone give said Cindy Lynn Ruth shelter, care and support, and this was undertaken by these respondents, and they have furnished said child such shelter, care and support since that time, without assistance or offer of assistance from the petitioner.

"3. The mother of said child died recently, and due to his faults and habits, the petitioner is not a proper person for the custody of said child, and it would not be for the best interests of said child that she be returned to the petitioner's custody.

"Wherefore, having answered, these respondents pray that the petition be dismissed and the writ of habeas corpus denied, and that the petitioner be refused the custody of said child, and that these respondents be permitted to retain custody of said child or that its custody be granted to some suitable person or that the matter be certified to the Juvenile Court of Fayette County, Ohio, for further proceedings."

On June 30, 1961, respondents Forsha filed their return which reads as follows:

"Now come the respondents, James Forsha and Effie Forsha, and admit that they have in their custody, Tammy Sue Ruth.

"In answer to the petition, these respondents say:

"1. That prior to the filing of the petition herein, a neglected child complaint was filed concerning said Tammy Sue Ruth in the Juvenile Court of Fayette County, Ohio, and said court thereby acquired prior jurisdiction.

"2. That during the month of January, 1961, the petitioner,

Henry Lee Ruth, abandoned his wife, Beatrice Ruth, the mother of said Tammy Sue Ruth, who was then pregnant with said child and seriously ill. Since that time these respondents cared for said mother until her recent death, and have cared for said Tammy Sue Ruth since her birth and have furnished her with necessary shelter, care and support, without assistance or offer of assistance from the petitioner, and the petitioner has abandoned said child.

"3. The mother of said child died recently and due to his faults and habits, the petitioner is not a proper person for the custody of said child, and it would not be for the best interests of said child that she be returned to the petitioner's custody.

"Wherefore, having answered, these respondents pray that the petition be dismissed and the writ of habeas corpus denied, and that the petitioner be refused the custody of said child, and that these respondents be permitted to retain custody of said child or that its custody be granted to some suitable person or that the matter be certified to the Juvenile Court of Fayette County, Ohio, for further proceedings."

At the hearing of this cause on June 30, 1961, it was not contradicted nor denied that a complaint, alleging Tammy Sue Ruth to be a neglected child (being Case No. J 3509, on the docket of The Juvenile Court of Fayette County, Ohio), had been filed in said Juvenile Court on June 27, 1961, and that a citation had been duly issued and served upon the petitioner, Henry Lee Ruth, the same day; and it was not contradicted nor denied that a complaint, alleging Cindy Lynn Ruth to be a neglected child (being Case No. J 3510 on the docket of The Juvenile Court of Fayette County, Ohio) had been filed in said Juvenile Court on June 27, 1961, and that a citation had been duly issued and served upon the petitioner, Henry Lee Ruth, the same day.

At the close of all of the testimony and evidence adduced at said hearing on June 30, 1961, and after final and closing arguments by counsel for the respective parties petitioner and respondents herein, the judge stated from the bench that he was taking the matter under advisement.

Now, the return and answer of each and all of respondents raises the issue as to whether or not the common pleas court

has acquired jurisdiction over the custody of Tammy Sue Ruth and Cindy Lynn Ruth in this habeas corpus proceeding which was filed originally on June 27, 1961, and an amended petition filed on June 28, 1961, and service of the respective writs made by the sheriff on June 29, 1961, when it is uncontradicted and undisputed that a separate complaint, alleging each of said children to be a neglected child, was filed in The Juvenile Court of Fayette County, Ohio, on June 27, 1961, and a citation issued and service duly made upon Henry Lee Ruth, their father and the petitioner in this habeas corpus proceeding, on June 27, 1961.

In considering and determining whether or not this common pleas court has acquired jurisdiction over the subject matter of this action, the court has carefully reviewed the opinion and decision of the court of appeals and of the Supreme Court of Ohio in the case of *In re Torok*, 93 Ohio App., 251, and 161 Ohio St., 585. In the latter, which was the decision of the Supreme Court, the syllabus states the law of the case to be as follows:

"1. Under the provisions of Section 1639-16, General Code (Section 2151.23, Revised Code), the Juvenile Court is invested with original jurisdiction to determine the custody of any child not a ward of another court.

"2. In order to determine such right of custody, it is not necessary for the court to find first that such child is delinquent, neglected, dependent, crippled, or otherwise physically handicapped. (The syllabus in the case of *Paddock* v. *Ripley*, 149 Ohio St., 539, limited and distinguished.)"

Therefore, in the light of the undisputed fact that the Juvenile Court of Fayette County, Ohio, acquired jurisdiction over the matter of custody of said Tammy Sue Ruth and Cindy Lynn Ruth on June 27, 1961, pursuant to the rule of law so declared by the Supreme Court of Ohio in the *Torok case, supra*; and that such jurisdiction so acquired by said juvenile court was prior in time to that acquired by this court on June 29, 1961; then this court is compelled to conclude that the Juvenile Court of Fayette County, Ohio, had acquired prior jurisdiction over the subject matter of this habeas corpus proceeding, that the amended petition of Henry Lee Ruth herein should be denied and dismissed, and that the court costs accrued herein should be taxed against said petitioner, Henry Lee Ruth.