PATTON, APPELLEE, *v.* PATTON, APPELLANT.

[Cite as Patton v. Patton, 1 Ohio App. 2d 1.]

(No. 918—Decided June 28, 1963.)

*Mr. Virgil E. Johnson,* for appellee.
*Mr. Ralph G. Marshall* and *Mr. Ross L. Johnston,* for appellant.

VAN NOSTRAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court in which the de-

fendant was granted a divorce on her cross-petition, the plaintiff was granted custody of their minor child, and the plaintiff was ordered to pay to the defendant as and for alimony the sum of $1,500 in two equal installments of $750 each, the first installment to be paid December 1, 1963, and the second, December 1, 1964.

The plaintiff and defendant were living separate and apart for some months prior to October 14, 1961, at which time defendant filed partition proceedings against the plaintiff. On October 19, 1961, prior to the commencement of the instant case, defendant filed an application in Juvenile Court for custody of their minor child, and on October 27, 1961, an order for temporary custody of the child was granted to plaintiff. On November 19, 1961, the plaintiff filed his petition for divorce, and, thereafter, on December 6, 1961, defendant filed her answer and cross-petition. On June 8, 1962, upon further application of the defendant, the Juvenile Court amended its original custody order to the effect that the child be placed in the temporary custody of the defendant.

The defendant, the appellant herein, sets forth three assignments of error.

Assignment of error No. 1. The trial court erred in exercising jurisdiction of the minor child. This assignment of error is predicated upon the fact that the Court of Common Pleas had no jurisdiction to determine the custody of the minor child of the parties hereto for the reason that the jurisdiction was originally placed in the Juvenile Court under Section 2151.23 of the Revised Code which reads as follows:

"(A) The Juvenile Court has exclusive original jurisdiction under the Revised Code:

"(1) Concerning any child who is a juvenile traffic offender or who is delinquent, neglected, dependent, crippled, or otherwise physically handicapped;

"(2) To determine the custody of any child not a ward of another court of this state;

"(3) To determine the paternity of any child alleged to have been born out of wedlock and to provide for the support of such child, subject to the concurrent jurisdiction of other courts;

"* * *"

Citing the case of *In re Small,* 114 Ohio App., 248, the first two paragraphs of the syllabus read as follows:

"1. Where a neglected-child proceeding is instituted in the Juvenile Court, pursuant to Section 2151.27, Revised Code, by a parent of such child, and a divorce action is later instituted by such parent, the Juvenile Court has exclusive original jurisdiction to determine whether the child is neglected, the power to determine his custody and the authority to place the child with a relative.

"2. Section 3109.04, Revised Code, relating to the custody of children of separated or divorced parents, is not applicable to a neglected-child proceeding under Section 2151.27, Revised Code."

Citing further on page 249 of 114 Ohio App., the opinion reads as follows:

"With reference to the contention that the judgment is contrary to law, it is significant that this cause was lodged in the Juvenile Court in a neglect proceeding under the authority of Section 2151.27, Revised Code, before an action for divorce was commenced in the Court of Common Pleas of Darke County.

"Under such circumstances, the Juvenile Court had exclusive original jurisdiction to determine whether the children were neglected (Section 2151.23, Revised Code), the power to determine the custody of the children (Section 2151.23, Revised Code) and the express authority to place the children with a relative (Section 2151.35, Revised Code). * * *"

In a similar case, *In re Ruth,* 88 Ohio Law Abs., 1, the headnote is as follows:

"1. Where the Juvenile Court had acquired jurisdiction over the matter and custody of a child prior to the time a writ of habeas corpus was filed in the Court of Common Pleas to obtain custody of such child the application for the writ of habeas corpus will be dismissed."

In the above two cases cited, the actions were instituted in the Juvenile Court in neglect proceedings.

In the case of *In re Torok,* 161 Ohio St., 585, the action was originally instituted in the Juvenile Court as in the instant case and the syllabus reads as follows:

"1. Under the provisions of Section 1639-16, General Code (Section 2151.23, Revised Code), the Juvenile Court is invested

with original jurisdiction to determine the custody of any child not a ward of another court.

"2. In order to determine such right of custody, it is not necessary for the court to find first that such child is delinquent, neglected, dependent, crippled, or otherwise physically handicapped. (The syllabus in the case of *Paddock* v. *Ripley,* 149 Ohio St., 539, limited and distinguished.)"

Also, in the case of *Kolody* v. *Kolody,* 110 Ohio App., 260, the syllabus is as follows:

"When the question of custody only comes before a court, under the authority granted in Section 2151.23 (A) (2), Revised Code, that court has jurisdiction to include in the award of custody an order for the support of such child."

In the opinion, on page 262, we find the following language:

"Section 3109.03, Revised Code, says that the parents stand upon an equality in matters of care, custody and control of their children. Section 3109.04, Revised Code, provides for a hearing with respect to care, custody and control of such children; and Section 3109.05, Revised Code, says that either parent may be ordered to support their children. These statutes must be read as a part of the powers given the court which has jurisdiction to determine custody of children: in the instant case the Common Pleas Court, Division of Domestic Relations [Juvenile Court].

"We believe that the word 'custody,' as used in Section 2151.23 (A) (2), Revised Code, connotes the sum total of all parental rights, among which is the right to support for such child."

It is our opinion that where two courts exercise concurrent jurisdiction, the Juvenile Court in the instant case acquired exclusive original jurisdiction by virtue of Revised Code 2151.23 (A) (2), and, having acquired jurisdiction, retains same to make further orders. To hold otherwise would, in effect, drive parents, who are separated, to the Common Pleas Court to obtain the custody of minor children.

As set forth in the opinion in *In re Torok,* 161 Ohio St., 585, at page 589, by Chief Justice Weygandt:

"* * * As this court has repeated in numerous cases involving statutory construction, the question is not what did the General Assembly intend to enact but what is the meaning of that

which it did enact. *Slingluff* v. *Weaver*, 66 Ohio St., 621, 64 N. E., 574.''

Defendant's assignment of error No. 1 is hereby sustained.

Defendant's assignment of error No. 2 is disposed of in No. 1.

Assignment of error No. 3. The judgment and order of the court in so far as it relates to the alimony award to the defendant; it is not sustained by the weight of the evidence and is contrary to law. In considering this assignment of error, it is necessary to set forth that part of the trial court's order which is as follows:

''It is further adjudged that if the defendant, Josephine C. Patton, shall abide by all the terms of this order, and that case No. 42467 in this court filed by the defendant be dismissed at plaintiff's cost, and no appeal be taken in that case or the decision herein, that the plaintiff, Irwin E. Patton, pay as alimony to the defendant, Josephine C. Patton, the sum of fifteen hundred dollars ($1500.00) payable as follows: seven hundred fifty dollars ($750.00) on or before December 1, 1963, and seven hundred fifty dollars ($750.00) on or before December 1, 1964, but that upon the failure on the part of the defendant to comply with the order immediately preceding, that then and in that event the plaintiff shall only be required to pay to the defendant the sum of five hundred dollars ($500.00), same to be paid on or before January 1, 1964.''

In attaching to the order as conditions precedent to the defendant receiving alimony in the amount of $1,500 that defendant dismiss her partition proceedings, case No. 42467, which was filed prior to plaintiff's divorce action, and further that the award of $1,500 to defendant be reduced to $500 if defendant appealed, is clearly contrary to law and constituted an abuse of discretion on the part of the trial court. The alimony order as made by the trial court constituted prejudicial error to the defendant, and defendant's assignment of error No. 3 is hereby sustained.

It will be noted in an examination of the record that counsel for the plaintiff did not cross-examine the defendant, whereupon the court examined the defendant, exemplified by approximately 47 pages of the record, which, in our opinion, was excessive, and in parts indicated an adverse feeling toward defendant.

6

The decree for divorce granted the defendant is affirmed. The judgment of the court as to the custody of the minor child is reversed, and it is our finding that the Juvenile Court has continuing jurisdiction. The judgment of the trial court as to alimony is reversed and the cause remanded for further proceedings according to law.

*Judgment accordingly.*

RUTHERFORD, P. J., and MCLAUGHLIN, J., concur.