OPINION
This is an accelerated calendar appeal from the Geauga County Court of Common Pleas, Juvenile Division. Appellant, Sharon Crook, appeals a decision of the trial court denying her motion captioned "Sharon Crook's Motion for Change of Custody or in the Alternative for Shared Parenting."
Appellant and Jack Crook were married and had one child, Chase Crook ("Chase"). On March 24, 1999, the Geauga County Department of Human Services ("GCDHS") filed a complaint alleging Chase Crook, d.o.b. December 4, 1995, to be a dependent child as defined in R.C. 2151.04(B) and requesting an order of protective and/or temporary custody. The complaint alleged domestic violence between the parents and mental health issues of appellant. Jack Crook, and appellant, pleaded "true" to an amended complaint. Chase was adjudicated a dependent child.
On April 6, 1999, the court ordered that Chase be placed in the temporary custody of Jack Crook, GCDHS be granted protective custody, and Sharon Crook be permitted a minimum of two hours of supervised visitation per week. Following a dispositional hearing, the court ordered, on June 18, 1999, that legal custody of Chase be given to Jack Crook, GCDHS continue protective custody, and appellant be permitted a minimum of two hours supervised visitation per week. The judgment entry also ordered that Sharon Crook move from the family residence.
By August 1999, Jack and Sharon had reconciled. However, in July 2000, Jack filed for divorce and Sharon moved into her own apartment. Despite this, following a review hearing, the juvenile court terminated GCDHS's protective supervision, on September 26, 2000. The juvenile court retained jurisdiction over the child pursuant to R.C. 2151.353(E).
On November 6, 2000, appellant moved the court for a change of custody, or, in the alternative, for a shared parenting plan. The court denied appellant's motion. From this judgment appellant assigns the following assignment of error:
 "[1.] The trial court completely failed to adjudicate the issue of allocation of parental rights between parents as an issue of first impression; Appellant was never required to show the Court a change of circumstances."
 The juvenile court has exclusive jurisdiction of any child alleged to be a juvenile offender. R.C. 2151.23. Once a child has been adjudicated a dependent child, the juvenile court may: place him in the protective supervision of GCDHS, pursuant to R.C. 2151.353(A)(1); award legal custody to either parent, pursuant to R.C. 2151.353(A)(3); and, retain jurisdiction over the minor child. A temporary custody order issued pursuant to R.C. 2151.353(A) terminates after one year, unless the court makes an entry continuing its jurisdiction under division (E)(1). R.C. 2151.353(F), and (E)(1). According to R.C. 2151.417(A), the court that issued a dispositional order may review the child's custody arrangement at any time. Additionally, pursuant to R.C. 2151.353(E)(2), any party, other than a parent whose parental rights with respect to the child have been terminated, may file a motion requesting modification or termination of an order issued pursuant to R.C. 2151.353(A). On November 6, 2000, appellant moved the court to modify its previous dispositional order granting custody to Jack Crook. Appellant's motion was denied without a hearing.
An appellate court cannot substitute its judgment in a trial court's custody determination and may not reverse absent a finding of an abuse of discretion. Trickey v. Trickey (1952), 158 Ohio St. 9, paragraph two of the syllabus. Thus, we must determine whether the trial court's decision was unreasonable, arbitrary, or unconscionable and, therefore, an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In certain circumstances, juvenile and domestic relations courts have concurrent jurisdiction. However, "[p]ursuant to R.C. 2151.23(A), the juvenile court has jurisdiction to determine the custody of a child alleged to be abused, neglected, or dependent, when the child is not the ward of any court in this state. This jurisdiction includes children subject to a divorce decree granting custody pursuant to R.C. 3109.04."In re Poling (1992), 64 Ohio St.3d 211, paragraph one of the syllabus.
We conclude that the juvenile court erred in failing to hold "a hearing upon the motion [for change of custody] as if the hearing were the original dispositional hearing and * * * give all parties to the action and the guardian ad litem notice of the hearing pursuant to the juvenile rules." R.C. 2151.353(E)(2). Thus, this case must be remanded for a hearing on appellant's motion for change of custody. "There is nothing to indicate that the General Assembly intended for the juvenile courts to use the indicia of the best interest of the child from R.C. 3109.04(F)(1) in making a custodial disposition of a dependent child pursuant to R.C.2151.353(A)(3)." In re Pryor (1993), 86 Ohio App.3d 327, 336. However, the juvenile court must consider the `best interests' of the child when it considers the statutorily permissible dispositional alternatives enumerated in R.C. 2151.353(A). In the matter of: Jacob, Nicholas,Neil, and Clair Barcelo (June 26, 1998) Geauga App. No 97-G-2095, unreported, 1998 Ohio App. LEXIS 2921, at *16 fn. 1; citing In reCunningham (1979), 59 Ohio St.2d 100, 107. Therefore, upon remand, the juvenile court must conduct a hearing and focus its custody determination on the best interests of Chase Crook.
Appellant's assertion that R.C. 3109.04 governs the circumstances presented in this case lacks merit. R.C. 3109.04(E)(1)(a), which governs modifications of decrees awarding parental rights and responsibilities in domestic relations cases, is inapplicable in the instant juvenile court case. Similarly, the correct forum for a motion for shared parenting, pursuant to R.C. 3109.04, is the court of common pleas. However, where a juvenile court acquires jurisdiction of a minor child, pursuant to R.C.2151.23, and a divorce is later instituted, the juvenile court has exclusive jurisdiction to make custody determinations of such child.Patton v. Patton (1963), 1 Ohio App.2d 1, 4; In re Poling, supra.
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded for proceedings consistent with this opinion.
JUDGE ROBERT A. NADER
FORD, P.J., GRENDELL, J., concur.