JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Steven Ryan ("Ryan"), appeals the domestic relations court's decision to sua sponte vacate those portions of his divorce decree pertaining to child support and allocation of parental rights and responsibilities. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1997, Ryan filed for divorce from defendant-appellee, Charlene Ryan, nka, Rauscher. In 1998, the Cuyahoga County Department of Child and Family Services ("CCDCFS") initiated neglect proceedings in the juvenile court regarding the Ryans' minor child (Case No. 98-92221).[1]
The juvenile court found the minor to be neglected.
 {¶ 3} The parties' divorce was finalized in November 1998, and the judgment entry of divorce ordered Ryan to pay child support and allocated parental rights and responsibilities.
 {¶ 4} In 2004, the juvenile court granted Ryan emergency temporary custody of the minor child. Ryan then filed motions to terminate and to establish child support with the domestic relations court. The court terminated child support and then, sua sponte, entered a judgment vacating those portions of the divorce decree pertaining to child support and allocation of parental rights and responsibilities, stating that it lacked jurisdiction to make such determinations. The court noted in its entry that the matter was pending before the juvenile court regarding such issues.
 {¶ 5} Ryan appeals, raising three assignments of error, which will be addressed together.
 {¶ 6} Ryan claims in his first, second, and third assignments of error that the trial court violated his due process rights by sua sponte vacating a portion of the parties' judgment entry of divorce.
 {¶ 7} The authority to vacate its own void judgment constitutes an inherent power possessed by Ohio courts. Pattonv. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus. A judgment is void only where the court lacks jurisdiction over the subject matter or of the parties or where the court acts contrary to due process. Thomas v. Fick
(June 7, 2000), Summit App. No. 19595; Rondy v. Rondy (1983),13 Ohio App.3d 19, 22, 468 N.E.2d 81. A court may, sua sponte, address the issue of jurisdiction at any stage of the proceeding, including appeal. Fox v. Eaton (1976), 48 Ohio St.2d 236, 238,358 N.E.2d 536, overruled on other grounds, Manning v. OhioState Library Bd. (1991), 62 Ohio St.3d 24, 29, 577 N.E.2d 650. In exercising its inherent power, a court is recognizing that the void judgment or order was always a nullity. Van DeRyt v. VanDeRyt (1966), 6 Ohio St.2d 31, 35, 215 N.E.2d 698.
 {¶ 8} The juvenile court has exclusive original jurisdiction concerning neglect proceedings and "to determine custody of any child not a ward of another court of this state." R.C.2151.23(A)(1) and (2). "Custody" means the "sum total of all parental rights, among which is the right to support for such child." Kolody v. Kolody (1960), 110 Ohio App. 260, 262,169 N.E.2d 34. See, also, Fry v. Fry (1989), 64 Ohio App.3d 519,582 N.E.2d 11.
 {¶ 9} Where a juvenile court acquires jurisdiction of a minor child, pursuant to R.C. 2151.23, and a divorce is later instituted, the juvenile court has exclusive jurisdiction to make custody determinations of such child. In re Crook, Geauga App. No. 2000-G-2326, 2001-Ohio-8802, citing Patton v. Patton
(1963), 1 Ohio App.2d 1, 203 N.E.2d 662.
 {¶ 10} However, if neglect proceedings are initiated and a prior custody order exists by virtue of a divorce decree, the domestic relations and juvenile courts are said to have concurrent jurisdiction. In re Poling, 64 Ohio St.3d 211,1992-Ohio-144, 594 N.E.2d 589. "The juvenile court may entertain and determine custody of children properly subject to its jurisdiction, even though there has been a prior divorce decree granting custody of said children to a parent pursuant to R.C. 3109.04." Id. at 215. However, when a juvenile court makes a custody determination under R.C. 2151.23, it must do so in accordance with R.C. 3109.04. Id. at 216.
 {¶ 11} In the instant case, CCDCFS filed a neglect proceeding while the divorce was pending. Thus, no custody determination had been ordered pursuant to a divorce decree. Based on the holdings in Patton and Poling, the juvenile court had exclusive original jurisdiction to determine custody of the child, including child support obligations and allocation of parental rights and responsibilities. Therefore, the domestic relations court lacked jurisdiction to determine custody and make custody orders in the parties' divorce decree.
 {¶ 12} Therefore, because the domestic relations court lacked jurisdiction at the time of the divorce to issue custody orders, including child support, the court did not err in sua sponte vacating its void judgment contained in the divorce decree.[2]
 {¶ 13} Accordingly, the within assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Rocco, J. concur.
[1] The juvenile court's record was submitted by appellee for our review.
[2] As for Ryan's suggestion that the Cuyahoga County Support Enforcement Agency and Rauscher owe him over $20,000 for the child support payments he made, we note that "if a void judgment is mistakenly satisfied, appeal of the judgment is not available as a means of recovering the payment." Brickman v. BrickmanTrust, Cuyahoga App. No. 81778, 2004-Ohio-2006, 9.