OPINION
{¶ 1} Defendants-appellants Charles Bair and Linda Bair appeal the May 15, 2006 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, General Trial Division, which approved and adopted the Magistrate's Decision of the same date, recommending plaintiff-appellee Nabil G. Issa be designated residential parent and legal custodian of his minor daughter, appellants' granddaughter.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee and Sallie Bair, appellants' daughter, were married on October 12, 1991, in Canada, and also exchanged vows on May 24, 1992, in Israel. One child was born as issue of said union, to wit: Saxon Eve Issa (DOB 12/29/00). Appellee's job as an information technology consultant required, and still does, periods of extensive traveling. The couple traveled worldwide during the first 8 years of their marriage. They lived in Canada, Southeast Asia, and eventually France, where appellee still resides.
 {¶ 3} In March, 2002, Sallie returned to Ohio with Saxon to visit appellants while appellee was involved in a 3-month project, which required him to travel to 25 countries. Sallie did not return to France when appellee completed the project. On August 16, 2002, the Tuscarawas County Job and Family Services ("TCJFS") filed a Complaint in the Tuscarawas County Court of Common Pleas, Juvenile Division, alleging Saxon was a dependent child due to Sallie's mental health issues and substance abuse. Appellee did not participate in the action, remaining in France due to job obligations. Appellee did, however, hire an attorney to represent Sallie. Via Judgment Entry filed February 19, 2004, the Juvenile Court granted legal custody of Saxon to appellants. The judgment entry terminated TCJFS's involvement and closed the case, indicating "All *Page 3 
further issues of support, visitation, and/or custody shall be filed in a new proceeding through the Paternity/Child Support Division of the Juvenile Court." February 19, 2004 Judgment Entry.
 {¶ 4} Appellants, Sallie, and Saxon traveled to France in late April, 2004. During appellants' time in France, the parties entered into a written agreement, restoring custody of Saxon to appellee and Sallie, conditioned upon Sallie's receiving appropriate medical and psychiatric help. Appellants returned to the United States. Sallie returned to the United States in June, 2004, without Saxon. In September, 2004, appellants and Sallie appeared at appellee's home in France with the French police, demanding the return of Saxon. When the police asked appellee if the juvenile court order was genuine, appellee indicated it was. The police instructed appellee to say goodbye to Saxon. Appellants, Sallie, and Saxon returned to the United States. Sallie's sister subsequently contacted appellee and advised him Saxon was living with her, not appellants.
 {¶ 5} On November 17, 2005, appellee filed a Complaint for Divorce in the Tuscarawas County Court of Common Pleas, General Division. Appellee named appellants as party defendants due to the juvenile court's February 19, 2004 Judgment Entry. He also filed a Motion for Temporary Orders, seeking he be designated as the temporary residential parent and legal custodian of Saxon. After conducting an oral hearing on appellee's motion for temporary custody of Saxon, the magistrate placed the child with appellee via Decision filed December 7, 2005.
 {¶ 6} Appellants filed a Motion to Vacate Magistrate's Order on December 19, 2005, asserting the trial court lacked subject matter jurisdiction as a result of the *Page 4 
February 19, 2004 juvenile court order, and requesting the matter be transferred to Juvenile Court. Appellants filed a supplemental memorandum on January 26, 2006. The trial court conducted a hearing on the motion on January 30, 2006. Via Judgment Entry filed February 3, 2006, the trial court overruled appellant's motion, finding it had not been divested of jurisdiction to determine the custody of the child. The trial court further found the juvenile court had relinquished jurisdiction upon closing the case. Appellants appealed the trial court's February 3, 2006 Judgment Entry to this Court, which dismissed the appeal for lack of a final, appealable order.
 {¶ 7} The magistrate conducted the final divorce hearing on May 10 — 12, 2006. Appellants did not appear, but their attorney, Joseph Tripodi, did to preserve their objection to the trial court's exercising jurisdiction. Prior to the completion of the hearing, appellee and Sallie entered into a settlement agreement, which was entered on the record. The settlement agreement designated appellee as the residential parent and legal custodian of Saxon. Via Magistrate's Decision/Agreed Judgment Entry/Decree of Divorce filed May 15, 2006, the magistrate recommended appellee be granted a divorce from Sallie, and the settlement agreement be approved and incorporated as part of the divorce decree. The trial court approved and adopted the Magistrate's Decision and ordered all recommendations be converted to final orders via Judgment Entry filed May 15, 2006.
 {¶ 8} It is from this judgment entry appellants appeal, raising the following assignments of error:
 {¶ 9} "I. THE DOMESTIC RELATIONS COURT OF TUSCARAWAS COUNTY COURT OF COMMON PLEAS COMMITTED PREJUDICIAL ERROR IN USURPING *Page 5 
CUSTODIAL JURISDICTION OVER THE MINOR CHILD SAXON ISSA, WHICH CHILD WAS SUBJECT TO A PRIOR JUVENILE CUSTODY ORDER NAMING APPELLANTS CUSTODIANS IN THE JUVENILE COURT OF TUSCARAWAS COUNTY, OHIO.
 {¶ 10} "II. THE DOMESTIC RELATIONS COURT OF TUSCARAWAS COUNTY, OHIO, ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT "DECIDED" THE EFFECT OF THE TUSCARAWAS JUVENILE COURT'S JUDGMENT ENTRY DATED FEBRUARY 19, 2004.
 {¶ 11} "III. THE COURT OF COMMON PLEAS ERRED WHEN IT RETAINED JURISDICTION OVER CHARLES AND LINDA BAIR SOLELY BECAUSE THEY HAD LEGAL CUSTODY OF THE CHILD SAXON EVE ISSA BY ORDER OF THE JUVENILE COURT OF TUSCARAWAS COUNTY, OHIO.
 {¶ 12} "IV. THE FINAL JUDGMENT OF THE COURT OF COMMON PLEAS FILED MAY 15, 2006 AS IT PERTAINS TO AND ASSUMES JURISDICTION OVER THE ISSUE OF CUSTODY OF SAXON ISSA, A MINOR CHILD, IS VOID FOR LACK OF JURISDICTION OF THE SUBJECT MATTER AND A LACK OF JURISDICTION OVER THE CHILD SAXON ISSA AND THE APPELLANTS CHARLES AND LINDA BAIR."
 I {¶ 13} In their first assignment of error, appellants contend the trial court committed prejudicial error in usurping custodial jurisdiction over Saxon, as the child was subject to a prior juvenile custody order. Appellants argue the trial court's belief "the custody order naming Appellants as legal custodians disappeared" because TCJFS's involvement was terminated is contrary to Ohio law. Appellants maintain the *Page 6 
juvenile court has exclusive jurisdiction in dependency and neglect cases pursuant to R.C. 2151.23(A) (1 ) and (F) (1 ). We agree.
 {¶ 14} R.C. 2151.23 provides, in pertinent part:
 {¶ 15} "(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:
 {¶ 16} "(1) Concerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * dependent child and, based on and in relation to the allegation pertaining to the child, concerning the parent, guardian, or other person having care of a child who is alleged to be an unruly or delinquent child for being an habitual or chronic truant;
 {¶ 17} "(2) Subject to divisions (G) and (V) of section 2301.03 of the Revised Code, to determine the custody of any child not a ward of another court of this state;
 {¶ 18} "* * *
 {¶ 19} "(F)(1) The juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections 3109.04, 3127.01 to3127.53, and 5103.20 to 5103.22 of the Revised Code."
 {¶ 20} In construing this statute, the Ohio Supreme Court has specifically held a juvenile court has jurisdiction to determine the custody of children, even when those children are already the subject of a divorce decree. In re Poling (1992), 64 Ohio St.3d 211, 215. Ohio Courts of Appeals, including this Court, have held: "Where a juvenile court acquires jurisdiction of a minor child, pursuant to R.C. 2151.23, and a divorce is later instituted, the juvenile court has exclusive jurisdiction to make custody determinations of such child." Ryan v.Ryan, Cuyahoga App. No. 85506, 2005-Ohio- *Page 7 
4166; In re Crook, Geauga App. No. 2000-G-2326, 2001-Ohio-8802;Patton v. Patton (1963), 1 Ohio App.2d 1.
 {¶ 21} In its February 3, 2006 Judgment Entry, the trial court found the facts in Patton, supra, were "not identical, or even similar, to the facts in this case" because, in Patton, one of the parents of the child, and not an agent of the state, initiated the custody proceeding in juvenile court. We find this distinction to be of no consequence. The issue is subject matter jurisdiction, not personal jurisdiciton.
 {¶ 22} Furthermore, we find the language of the Juvenile Court's February 19, 2004 Judgment Entry, which terminated TCJFS's involvement and closed the case, was not, in any manner, a relinquishment of its jurisdiction. In fact, the juvenile court specifically stated, "All further issues of support, visitation, and/or custody shall be filed * * * through the Paternity/Child Support Division of Juvenile Court." (Emphasis added).
 {¶ 23} Accordingly, we find the Tuscarawas County Court of Common Pleas, Juvenile Division, has exclusive jurisdiction over the custody of Saxon Eve Issa, and the trial court erred in exercising its jurisdiction over her during the divorce proceeding.
 {¶ 24} Appellants' first assignment of error is sustained.
 II, III, IV {¶ 25} In light of our disposition of appellant's first assignment of error, we find appellant's remaining assignments or error (II, III, IV) to be moot. *Page 8 
 {¶ 26} Those portions of the judgment of the Tuscarawas County Court of Common Pleas relating to issues of custody, visitation and support of Saxon are vacated. All other orders as they pertain to the divorce are affirmed.
 Farmer, J. and Edwards, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, those portions of the judgment of the Tuscarawas County Court of Common Pleas relating to issues of custody, visitation and support of Saxon are vacated. All other orders as they pertain to the divorce are affirmed. Costs assessed to appellee. *Page 1