[Cite as *Freed v. Freed*, 2015-Ohio-4527.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY


SCOTT FREED,                                              CASE NO. 5-15-15

     PLAINTIFF-APPELLANT,

    v.

                                         O P I N I O N

DANIELLE A. FREED,

     DEFENDANT-APPELLEE.


Appeal from Hancock County Common Pleas Court
Domestic Relations Division
Trial Court No. 02-DR-120

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:  November 2, 2015


APPEARANCES:

    *John C. Filkins* for Appellant

    *Scott T. Coon* for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Scott Freed ("Scott") brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division, modifying the amount of child support he owes to defendant-appellee Danielle Freed ("Danielle") and modifying which parent receives the federal tax exemptions for the minor children. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} Scott and Danielle were married on September 18, 1993. Doc. 1. Four children were born during the marriage: Zackery (D.O.B. March 1994), Alivia (D.O.B. August 1998), Elijah (D.O.B. July 2000) and Eden (D.O.B. July 2000). Doc. 1. In 2002, Scott filed a complaint for divorce. Doc. 1. The trial court entered a judgment entry decree of divorce along with a shared parenting plan in 2003. Doc. 66. Pursuant to that decree, the children were residing primarily with Danielle and Scott was ordered to pay $785.47 per month in child support for the four children. *Id.* On July 1, 2004, the amount of child support was reduced to $672.49 due to a change in Scott's employment status. Doc. 105. On January 18, 2008, the Hancock County Child Support Enforcement Agency ("the Agency") filed a motion to modify child support on the grounds that Zackery was then residing with Scott upon the recommendation of Hancock County Children's Protective Services and the agreement of the parties. Doc. 111. The motion requested that child support due from Scott should be terminated and that

Danielle should be paying Scott $13.54 per month as set forth in the computation worksheet.[1] *Id.* The motion indicated that the modification should be effective as of December 1, 2007. An initial hearing was held in April on the filed motion, but a continuance was granted to Danielle to allow her to obtain counsel. Doc. 137. Scott filed his parenting affidavit on April 24, 2008, which indicated that Zackery was then located at "J.R.C. Wood County", but had resided with him since July 4, 2006. Doc. 139.

{¶3} On May 2, 2008, Danielle filed a motion for reallocation of parental rights and responsibilities asking that the shared parenting plan be terminated and that Scott only be granted supervised visitation due to a change in circumstances. Doc. 142. Before a hearing was held, the trial court learned that all four children in this matter were "the subjects of abuse, neglect and/or dependency proceedings in [the Juvenile Division]" and stayed all proceedings pending a final resolution of those cases. Doc. 146. On March 6, 2009, Danielle filed a motion to be allowed to claim all four children for tax purposes. Doc. 160. Although the trial court never officially lifted the stay, a hearing was held before the magistrate on August 24, 2009. Doc. 194. A second hearing was held in front of a second magistrate on January 7, 2010. Doc. 191. On February 1, 2010, the magistrate issued its decision. Doc. 178. In the decision, the magistrate noted that Alivia, Elijah, and

---

[1] In addition to the change of custody of Zackery, Danielle's income increased from $10,712 as shown on the computation worksheet completed in 2003, to $43,187 as shown on the computation worksheet completed in 2008. Doc. 66 and 111. Scott's income decreased from $41,000 in 2003 to $29,328 in 2008. *Id*.

Case No. 5-15-15

Eden were placed in the sole legal custody under protective supervision by the Hancock County Children's Protective Services Unit ("HCCPSU") and the jurisdiction of the juvenile court. *Id*. at 3. However, Zackery was in foster care and was not residing with either parent. *Id*. at 8. Based upon the custody orders of the juvenile court, the magistrate then recommended that the shared parenting plan be vacated. *Id*. at 3. The magistrate then recommended that child support be modified so that Scott paid child support for all four children to Danielle, and then one fourth of the support would be withheld and paid to HCCPSU due to Zackery being in foster care.[2] *Id*. at 8. The magistrate also recommended that the tax dependency exemption from 2008 forward be granted to Danielle.[3] *Id.* at 9-11.

{¶4} On February 12, 2010, Scott filed his objections to the magistrate's recommendations. Doc. 180. The trial court ruled on the objections on February 25, 2015. Doc. 247. The trial court overruled the objections and adopted the recommendations of the magistrate. *Id.* However, due to the passage of time, the trial court did not enter any order, instead requesting Danielle's attorney to prepare the entry with the updated information. *Id*. The judgment was finalized on April 1, 2015. Doc. 253. The notice of appeal was filed on April 28, 2015. Doc. 256. On appeal, Scott raises the following assignments of error.

---

[2] While recommending that Scott pay support for Zackery, the magistrate did not recommend that Danielle pay any support for Zackery.
[3] The magistrate determined that since Danielle is the residential parent and Scott's income is lower, she should have the tax exemptions.

-4-

**First Assignment of Error**

**The trial court erred when it ordered [Scott] to pay child support for the support of four minor children when the evidence established that one of the minor children does not live with either of the parties.**

**Second Assignment of Error**

**The trial court erred in redirecting one-fourth of the monthly child support amount to the Hancock County Department of Job and Family Services when: A. no such motion was before the court; and B. there is no corresponding order for [Danielle] to pay an amount in child support to the Hancock County Department of Job and Family Services.**

**Third Assignment of Error**

**The trial court erred in retroactively modifying the claiming of the dependency exemptions of the minor children back to the taxable year 2008 when [Danielle's] motion to modify the tax exemptions was not filed until March 6, 2009.**

*Child Support for Zackery*

{¶5} In the first assignment of error, Scott claims that the trial court erred in ordering him to pay child support to Danielle for Zackery when Zackery was placed in foster care and was not in Danielle's home. All of the testimony indicates that Zackery moved in with Scott in 2006. Doc. 194 at 15 and Doc. 191 at 9. In February of 2008, Zackery was committed to a juvenile detention center by the Hancock County Juvenile Court. Doc. 194 at 15 and Doc. 191 at 10. Zackery was released in July of 2009 and was placed in foster care. Doc. 194 at

16 and Doc. 191 at 10. Thus, from February 2008 forward, Zackery was under the jurisdiction of the juvenile court.[4]

{¶6} A juvenile court has exclusive original jurisdiction to determine the custody of any child not a ward of another court in the state. R.C. 2151.23(A)(2). This applies to any child who has been alleged to be an abused, neglected, dependent on delinquent child. R.C. 2151.23(A)(1). "Custody" has been defined as including all of the parental rights, including the right to support for such child. *Ryan v. Ryan*, 8th Dist. Cuyahoga No. 85506, 2005-Ohio-4166, ¶ 8 (concluding that since the juvenile court had exclusive jurisdiction over the custody of the child found to be neglected, the domestic relations court was without jurisdiction to order custody and support for the child who was a ward of the juvenile court). Thus, once a complaint was filed alleging that Zackery was a delinquent, abused, neglected or dependent child, the juvenile court had "jurisdiction to hear and determine the allegations in the complaint and to make a lawful disposition concerning [Zackery]." *In re Poling*, 64 Ohio St.3d 211, 213, 1992-Ohio-144, 594 N.E.2d 589. Although a domestic relations court has continuing jurisdiction over child custody and child support resulting from a divorce, the child who is the beneficiary of those orders is not a ward of that court. *Id*. at 214. The two courts have concurrent jurisdiction. *Id*. at 215. If a prior custody order was in place

---

[4] At the time of the hearings, all of the children were under the continuing jurisdiction of the trial court, but the three younger children had been placed in the custody of Danielle. No argument is made by Scott regarding the child support for those children.

before the juvenile court obtains jurisdiction, the juvenile court can still determine custody and support of children, but the determination must be made pursuant to R.C. 3109.04. *Id*. at 216.

{¶7} In this case, the custody of Alivia, Elijah, and Eden is indisputably with Danielle pursuant to the orders of both the domestic relations court and the juvenile court. However, the legal custody of Zackery is not clear. Despite the fact that the juvenile court evidently granted temporary custody of Zackery to HCCPSU,[5] as evidenced by the fact that Zackery was placed in a foster home and not with Danielle or Scott, the trial court named Danielle as "the sole legal custodian and residential parent of the minor children, subject to juvenile court jurisdiction". Doc. 178 at 3. The domestic relations court then ordered Scott to pay child support to Danielle for Zackery as well as the other children and that ¼ of the support be withheld and sent to HCCPSU for support of Zackery. However, no corresponding order of support by Danielle for Zackery was made. Since the trial court made its order "subject to" that of the juvenile court, this means that custody of Zackery is with neither Danielle nor Scott, but is with HCCPSU. Without custody of Zackery, Danielle should not be receiving support for him. Thus, the trial court abused its discretion in ordering support be paid for Zackery to Danielle.

---

[5] We do not have the juvenile court's record before us for review, but pursuant to law, a child in foster care is in the temporary custody of the State.

-7-

{¶8} Danielle argues that the trial court's order of support was not error because it also ordered that one-fourth of the support be redirected to HCCPSU for support of Zackery. However, this still does not change the fact that the trial court is ordering support to a person who does not have custody of the child. Danielle argues in her brief that there was no evidence presented that she was not responsible for supporting Zackery. A review of the record reveals that there was no evidence presented that Danielle was contributing anything to Zackery's support and she was not ordered to do so by the trial court. The money Danielle would have received from Scott for support of Zackery which was diverted to HCCPSU was not her paying support as that money was designated as Scott's portion of the support. Additionally, since the juvenile court was actively exercising its jurisdiction over Zackery by placing him in foster care, the juvenile court would be the appropriate court to make determinations regarding all parental rights and responsibilities, including support. *Ryan, supra.* The trial court erred in ordering Scott to pay child support to Danielle for Zackery, even though the trial court *sua sponte* decided to divert a portion of it to a third party when the juvenile court had awarded temporary custody of Zackery to a third party, had not made an order of support at that time, was continuing to exercise its jurisdiction over Zackery, and the trial court was making its order subject to that of the juvenile court. The first assignment of error is sustained.

{¶9} In the second assignment of error, Scott alleges that the trial court erred by sua sponte ordering one-fourth of the child support paid to Danielle be sent to HCCPSU. Having determined in the first assignment of error that the trial court erred by exercising jurisdiction by ordering child support to Danielle for Zackery when he is a ward of the juvenile court, this assignment of error is moot. This court therefore will not address this assignment of error. App.R. 12(A)(1)(c).

*Tax Exemptions*

{¶10} The final assignment of error alleges that the trial court erred by retroactively modifying the dependency exemptions of the minor children back to the 2008 tax year when the motion to modify was not filed until March 6, 2009. This court notes that there is no question that the trial court can modify the tax exemption for the year in which the motion was filed to grant it to the custodial parent who has the higher income. Scott claims that the trial court erred by modifying the tax exemption for 2008 when the motion for modification was filed in 2009 and he had already filed his 2008 tax return claiming the exemptions he had previously been awarded. A trial court is required to designate which parent may claim the children for tax purposes whenever it modifies or reviews a support order. R.C. 3119.82. The motion to modify child support was filed in 2008, so the question of the tax exemption was before the trial court at that time. This court recognizes that the hearings on this matter were not concluded until two years after the filing and that Scott had already filed his 2008 tax return at that time.

Then the trial court did not rule on the objections for five years. Thus, Scott may be prejudiced by the delay of the trial court in making a determination in this case. This court also sees a potential issue with awarding a tax exemption to Danielle for Zackery, who was neither in her custody nor being provided support by her. That exemption would possibly belong to the foster parents as no direct support for Zackery to them was actually ordered. See IRS Publication 17. However, this court cannot find that the trial court abused its discretion by making a determination it is required to make by law. The third assignment of error is overruled.

{¶11} The trial court erred in ordering Scott to pay child support to Danielle for Zackery when Zackery was a ward of the juvenile court and was not placed in Danielle's custody. The trial court did not err in awarding the tax exemptions to Danielle for 2008 when the motion to modify child support was filed in that year and the statute requires the trial court to address the issue. Having found error in the particulars assigned and argued, the judgment of the trial court is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings in accord with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part, and*
*Cause Remanded*

**SHAW and PRESTON, J.J., concur.**

**/hlo**

Case No. 5-15-15